## LAMBERT v. HARRISON.

No. 8514—Opinion Filed Feb. 12, 1918.

(171 Pac. 45.)

**1. Bills and Notes—Action by Indorsee—Burden of Proof.**

Where an action is brought by an averred indorsee of a promissory note, claiming in his petition to have acquired ownership of such note by such indorsement, and a properly verified answer is filed containing a general denial, the burden is upon such averred indorsee to prove by a preponderance of the evidence the execution of such indorsement, and upon his failure to offer any evidence of the execution of such indorsement. the evidence is insufficient to sustain a judgment, upon said note, for the averred indorsee, and it is reversible error for the court to overrule a motion for a new trial, based upon the ground that the judgment rendered is not supported by sufficient evidence.

**2. Bills and Notes—Negotiability —Conditions—"Negotiable Instrument."**

Where a promissory note contains a condition "that in the event that said note is paid at maturity that 6 per cent. shall be deducted from the amount thereof, and nonpayment of any installment for more than thirty days after maturity renders remaining installments due at holder's option." such note is not a negotiable instrument under sections 4626 and 4627. Comp. Laws 1909.

**3. Appeal and Error — Judgment — Sufficiency of Evidence—Review.**

In a trial of a cause by the court, the question of a sufficiency of the evidence to support the judgment may be reviewed by this court upon the overruling of the motion for a new trial alleging the insufficiency of the evidence, although there has been no demurrer to the evidence or request for judgment for the defendant.

(Syllabus by Collier, C.)

Error from County Court, Woodward County; Clyde H. Wyand, Judge.

Action by C. W. Harrison against C. L. Lambert. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Reversed and remanded.

Swindall & Wybrant, for plaintiff in error.

H. W. Patton, A. W. Anderson, Nicholas & Lyle, and John H. Halley, for defendant in error.

Opinion by COLLIER, C. This is an action brought upon a promissory note, which said note is in the following words and figures:

"Chicago, Illinois, August 31, 1908.

"For value received, the undersigned promises to pay at Chicago, Illinois, to the order of the Puritan Mfg. Co. five hundred dollars, as follows:

"$125—4 months after date.
"$125—8 months after date.
"$125—11 months after date.
"$125—14 months after date.

"A discount of 6 per cent. will be given if the full amount of this instrument is paid at maturity of first installment. Nonpayment of any installment for more than thirty days after maturity renders remaining installments due at holder's option."

The note was indorsed on its back:

"Security State Bank at Mooreland, Oklahoma, September 18, 1908, Pay Johnson County Savings Bank, Iowa City, Iowa, or order. Puritan Mfg. Co., by M. H. Taylor. Pay C. W. Harrison, or order. Johnson County Savings Bank, Iowa City, Iowa. Geo. L. Palk, Cashier."

It is averred in the petition that said note prior to its maturity was indorsed by the Puritan Manufacturing Company, sold, assigned, and transferred to the plaintiff herein for a valuable consideration without notice of any equities existing between the original parties. The defendant filed an amended answer admitting that he had signed the instrument, copy of which is attached to plaintiff's petition, and denies generally and specifically each and every material allegation contained in said petition, and set up that the note was given for jewelry which was worthless, and which was sold under guaranties, and that said guaranties had not been kept.

There is no direct or circumstantial evidence to show that said note was sold, transferred, and assigned by the Puritan Manufacturing Company to the Johnson County Savings Bank of Iowa City, Iowa, or that the Johnson County Savings Bank had ever sold, transferred, and assigned the said note to plaintiff. The only testimony in regard to such indorsement of the note being that same had been sent to A. M. Appelget, a member of the firm bringing the action, by Ralph Otto of Iowa City; that the attorney of plaintiff formed a partnership with one Appelget, and at the time the note sued upon was in the hands of Mr. Appelget and

afterwards it was in the hands of Appelget and Herod for collection, and remained so until December, 1911; that it was subsequently returned to Ralph Otto at Iowa City; that the indorsements to the Johnson County Savings Bank of Iowa City by the Puritan Manufacturing Company was upon the note prior to its being returned to Ralph Otto, but the indorsement to C. W. Harrison, plaintiff, by the Johnson County Savings Bank of Iowa City was not upon it, until it was sent a second time to said firm for collection.

The case was tried to the court, and judgment rendered for the plaintiff in the sum of $500, with 6 per cent. interest from October 31, 1909, to which the defendant duly excepted. The defendant did not demur to the evidence, or ask for a judgment, but made timely motion for a new trial upon the ground, among other grounds, that the judgment of the court is not sustained by sufficient evidence.

The note sued upon was executed prior to the enactment of our present "Negotiable Instruments Law," and in our opinion is not a negotiable instrument because it is not payable at a time and in a sum definite, by reason of there being a condition in the note that "a discount of 6 per cent. will be given if the full amount of the instrument is paid at maturity of first installment. Nonpayment of any installment for more than thirty days after maturity renders remaining installments due at holder's option."

The note having been executed prior to the enactment of the "Negotiable Instruments Law" of 1909 is governed by sections 4626 and 4627, Comp. Laws 1909, which provide:

"A 'negotiable instrument' is a written promise or request for the payment of a certain sum of money, to order or bearer, and must be made payable in money only, and without any condition not certain of fulfillment."

In Bell et al. v. Riggs et ux., 34 Okla. 834, 127 Pac. 427, 41 L. R. A. (N. S.) 1111, it is said:

"Stated in another way, that rule is that if the date when due or the amount to be due depend upon conditions uncertain of fulfillment, and cannot be determined from the face of the note itself at the time of its execution without reference to extraneous circumstances, the note is not negotiable."

See, also, Farmers' Loan & Trust Co. v. McCoy & Spivey Bros., 32 Okla. 277, 122 Pac. 125, 40 L. R. A. (N. S.) 177; Clevenger v. Lewis, 20 Okla. 837, 95 Pac. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 56; Clowers et al.

v. Snowden et al., 21 Okla. 476, 96 Pac. 596 —all of said cases supporting the rule of Randolph v. Hudson, 12 Okla. 516, 74 Pac. 946.

Under the view we have of the case it is not necessary for a review of the case to determine the negotiability of the note here sued upon, but as the question will probably be presented in another trial of the case we have thought best to do so.

Although the defendant did not challenge the sufficiency of the evidence by a demurrer thereto, or ask a judgment in his behalf, he did timely move for a new trial upon the ground of the insufficiency of the evidence to support the judgment, and therefore as the rule requiring the procedure precedent of demurring to the evidence or asking an instructed verdict to authorize this court to review the evidence applies to a case tried to a jury, but does not apply in a case tried to the court, this court will review the sufficiency of the evidence to support the judgment rendered. Porter v. Wilson, 39 Okla. 500, 135 Pac. 732; Lyon v. Lyon, 39 Okla. 111, 134 Pac. 650.

The verified answer denied the assignment of the note, and this placed the burden of proof upon the plaintiff to show that said indorsement to the plaintiff had been made, and that the title to said note was thus placed in the plaintiff. Moore v. Leigh-Head & Co., 48 Okla. 228, 149 Pac. 1129. The plaintiff having failed to discharge the burden upon him as to proof of the indorsement by not offering any evidence even tending to show the execution of the indorsement of the note to the plaintiff, the evidence was insufficient to entitle the plaintiff to a judgment, and the court committed reversible error in overruling a motion for a new trial based upon the insufficiency of the evidence.

"Where the evidence in a cause is insufficient to sustain the judgment rendered, the court upon timely motion, should grant a new trial." Chicago, R. I. & P. Ry. Co. v. Boring-Kim Produce Co., 57 Okla. 495, 157 Pac. 351.

"Where there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which the jury must have found in favor of the prevailing party in order to have returned the verdict returned the verdict will be set aside." Terry v. Creed, 28 Okla. 857, 115 Pac. 1022.

"Where, on inspection of the record, it is apparent that the evidence does not reasonably sustain the verdict of the jury, the verdict will be set aside by this court." Hassel v. Morgan et al., 27 Okla. 453, 112 Pac. 969.

"Where there is an entire lack of evidence to sustain a material issue found by * * * the jury, this court will set aside the verdict and grant a new trial." Puls v. Robt. Casey, 18 Okla. 142, 92 Pac. 388.

"Where the verdict of the jury is not sustained by sufficient evidence, or is based upon conjecture, it is the imperative duty of the court, upon timely motion, to set it aside and grant a new trial." Ingram et al. v. Dunning, 60 Okla. 233, 159 Pac. 927.

Section 5033, Rev. Laws, 1910, provides as a ground for motion for new trial "that the * * * decision is not sustained by sufficient evidence."

As the error pointed out must work a reversal of the cause, and all the other errors assigned are practically decided in the former appeal in this case, we deem it unnecessary to consider any other errors assigned in this appeal.

This cause is reversed and remanded.

By the Court: It is so ordered.