### LACLEDE OIL & GAS CO. v. MILLER.

No. 8700—Opinion Filed April 9, 1918.

(172 Pac. 84.)

**1. Appeal and Error—New Trial—Default—Case-Made.**

A party against whom a judgment is rendered, though in default of appearance in the case, may file a motion for a new trial within three days from the rendition of the judgment and appeal from an order of the court overruling such motion. If the case is one requiring the introduction of testimony in order to render judgment, such party is entitled to have the testimony transcribed by the official court reporter and incorporated into a case-made on proper request therefor and payment of the lawful charges; and, if the errors properly presented on appeal necessitate a review of the evidence, and it becomes impossible to make a case-made incorporating such testimony, through no fault of such party, a new trial will be granted on proper application therefor.

**2. Appeal and Error—Sufficiency of Evidence—Exception.**

In an action where defendant defaults, the case being one which requires the introduction of testimony, and the case is tried before the court without a jury, resulting in judgment against the defendant, an assignment that the testimony is not sufficient to sustain the judgment, which error was timely presented to the trial court by motion for a new trial, overruled by the court, excep-

tions being reserved by the defendant, properly presents to the appellate court the question of the sufficiency of the testimony to sustain the judgment and the testimony will be reviewed for such purpose.

**3. Appeal and Error—Excessive Damages—Exception.**

Where a defendant defaults, judgment for damages being rendered against him without his appearance, an assignment of excessive damages appearing to have been given under the influence of passion or prejudice, based upon exceptions preserved to the overruling of a motion for a new trial, duly filed and presenting such error to the trial court, authorizes the reviewing on appeal of the testimony for the purpose of ascertaining whether or not the damages awarded are excessive.

(Syllabus by Stewart, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by Mollie A. Miller against the Laclede Oil & Gas Company. Judgment on default for plaintiff, and defendant appeals from judgment overruling petition for a new trial. Reversed and remanded for new trial.

L. A. Maris, for plaintiff in error.

B. C. Wieck, for defendant in error.

Opinion by STEWART, C. On September 2, 1916, the defendant was duly summoned to answer petition of the plaintiff asking judgment for damages to lands of plaintiff alleged to result from the negligent acts of the defendant in throwing salt water, oil waste, and refuse matter on said lands, causing the same to become foul, unproductive, and valueless for grazing and agricultural purposes. The case came on regularly for hearing before the court on March 27, 1916. The defendant did not file any answer or other plea to the petition of plaintiff and did not appear at the time the case was called for trial. Judgment was rendered against the defendant in the sum of $800 on testimony introduced by the plaintiff. On the following day, March 28, 1916, the defendant filed motion for a new trial setting up statutory grounds but not offering any excuse for failure to plead or to appear at the time judgment was rendered. The motion was overruled; the defendant gave notice of appeal and was granted an extension of time within which to make and serve case-made, which time was further extended by subsequent orders of the court. On September 4, 1916, the defendant filed a petition, as authorized by statute, for new trial, setting up in substance that, without fault of the defendant, it was impossible to make a case-made; that the defendant had dili-

gently and persistently requested the court reporter who took the stenographic notes of the testimony and of the proceedings to furnish the defendant a correct transcript of such proceedings, including the testimony of the witnesses to be incorporated into the case-made; that the stenographer had lost his notes and was unable to find the same, and because of such fact the defendant was unable to prepare a complete case-made. The defendant urges that he was entitled to a new trial under subdivision 9 of section 5033, Rev. Laws 1910, which authorizes the granting of a new trial when without fault of the complaining party, it becomes impossible to make a case-made. Plaintiff filed response admitting that a transcript of the testimony, through no fault of the defendant, could not be procured, and that the defendant had diligently attempted and failed to obtain the same, but averring that the defendant could have been furnished with a transcript of the pleadings and proceedings filed and had in said cause, except a transcript of the testimony of witnesses introduced by plaintiff.

If is well settled that all final orders of the trial court may be appealed from whether on default or otherwise, and that an appeal lies from an order granting or refusing a new trial. The statute does not limit the right to file motion for new trial to parties who appear at or before the trial, but authorizes the "party aggrieved" to make the application. A defendant in default may file the motion within the time fixed by statute. The defendant in this case filed motion in due time and was entitled to have the order of the court denying the motion reviewed by the court. It is true that, as a general rule, errors occurring during the course of the trial will not be considered unless exceptions are preserved. It is likewise true that the defendant could have had a transcript of the record proper and have presented such error, if any, as appeared on the face of the judgment roll. The question arises: Could this court have considered the testimony in the case at bar for any purpose? If so, the defendant had the right to have the same in his case-made. But if, in no event, the testimony could serve any purpose in the appeal, the defendant is not entitled to a new trial because of inability to procure the same.

It has been uniformly held by this court that the sufficiency of the evidence cannot be reviewed on appeal unless such sufficiency is challenged during the trial. This rule is, however, qualified to the extent that the testimony may be reviewed for the purpose of determining whether or not the damages are excessive and appear to have been given under the influence of passion or prejudice when such question is raised in the motion for a new trial and properly presented to this court by assignment of error. Van Arsdale & Osborne Brokerage Co. v. Hart, 62 Okla. 119, 162 Pac. 461; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 13 Pac. 157. We may further say that the case at bar, having been heard and determined by the court without a jury, would also come under the rule announced by Mr. Commissioner Collier in Lambert v. Harrison, 69 Okla. 172, 171 Pac. 45, which rule reads as follows:

"In a trial of a cause by the court, the question of a sufficiency of the evidence to support the judgment may be reviewed by this court upon the overruling of the motion for a new trial alleging the insufficiency of the evidence, although there has been no demurrer to the evidence or request for judgment for the defendant."

The defendant in the motion for a new trial and in the petition in error, among other matters, presents the following error:

"Fourth, Excessive damages appearing to have been given under the influence of passion or prejudice. Fifth. Error in the assessment of the amount of recovery, in that too much damages for injury to property were awarded. Sixth. That the decision is not sustained by sufficient evidence, and is contrary to law."

In our opinion the court would have had the authority to review the testimony in the case at bar in order to determine whether or not the same is excessive and further to pass on the sufficiency of the testimony. The statute does not confine such authority to cases where there has been an appearance by the party claiming to be aggrieved. It is sufficient if the aggrieved party calls timely attention of the trial court to such errors in the manner prescribed by law; that is, by filing a motion for a new trial. In the case under consideration, we hold that the exceptions to overruling the motion for new trial properly saved the question of excessive damages and the further question of the sufficiency of the testimony to sustain the judgment. Such being our view, the defendant in the case at bar was entitled to have the testimony incorporated in a case-made. The admitted facts being that defendant has diligently but vainly sought to obtain the same and is without fault, a new trial should be awarded.

The cause is reversed, and remanded for a new trial.

By the Court: It is so ordered.