### ROBERTSON v. ROBERTSON.

. No. 8579—Opinion Filed Nov. 19, 1918.

(176 Pac. 387.)

**1. Divorce—"Extreme Cruelty"—Statute.**

The conduct of either spouse which grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other as to seriously impair the bodily health, or such as utterly destroys the legitimate end of matrimony, constitutes extreme cruelty, within the meaning of section 4962, Revised Laws 1910.

**2. Appeal and Error—Decree—Sufficiency of Evidence.**

Where the evidence is in conflict, but the weight of the evidence reasonable supports the decree rendered, this court will not disturb such decree.

**3. Divorce—Extreme Cruelty—Sufficiency of Petition.**

The amended petition filed in this cause carefully examined, and held to state a cause of action for divorce upon the ground of "extreme cruelty."

**4. Extreme Cruelty — Sufficiency of Evidence.**

The evidence in this case carefully examined, and, though in conflict, the weight thereof held to be sufficient to reasonably support the decree rendered.

(Syllabus by Collier, C.)

Error from District Court, Oklahoma County: George W. Clark, Judge.

Action for divorce by Marion Robertson against T. E. Robertson. Decree for plaintiff, with custody of minor child, motion for new trial overruled, and defendant brings error. Affirmed.

James S. Ross, R. M. Campbell, and Paul M. Pope, for plaintiff in error.

Asp, Snyder. Owen & Lybrand, for defendant in error.

Opinion by COLLIER, C. This is an action begun by defendant in error against plaintiff in error on the 9th day of February, 1916, for divorce and the custody of the son of the parties, aged five years, upon the grounds of extreme cruelty and gross neglect of duty. Neither alimony, support of the child, nor attorney's fees is sought.

Hereinafter the parties will be referred to as they appeared in the trial court.

The case was tried to the court, and at the close of the evidence, by leave of the court and without objection, "plaintiff was permitted to file an amended petition herein to conform to the proof offered in said cause and it was accordingly done, answer of the defendant to stand as an answer to the said amended petition."

The said amended petition, omitting its caption and signatures, is as follows, to wit:

"And now comes the above-named plaintiff, and by leave of court at the trial of said cause, and after the proof has been introduced. files this her amended petition herein, and for cause of action against the defendant herein states:

"Plaintiff is now, and for more than one year next preceding the filing of this petition has been, an actual resident in good faith of the state of Oklahoma and of Oklahoma county in said state; that on the 8th day of August, 1910, plaintiff and defendant were married in the state of Louisiana, and have ever since been husband and wife; that of said marriage only one child has been born, Thaddeus Eustis Robertson, aged four years; that for more than two years last past the said defendant has been guilty of extreme cruelty toward this plaintiff in this, to wit, that the plaintiff is of frail constitution, nervous, and sensitive disposition; that during all of said time the said defendant has entirely failed to provide the plaintiff with the necessaries of life, and has neglected, failed, and refused to provide for the support of the minor child of plaintiff and defendant aforesaid; that for more than three years last past on divers and sundry occasions, and without any cause or excuse therefor, the said defendant has cursed and abused the plaintiff and called her vile names.

"Plaintiff further avers that on account of the failure of defendant to provide her with the necessaries of life, and while she was an entire charge and dependent for support upon her parents, the said defendant refusing to furnish the plaintiff with the necessaries

of life or their said child with the necessaries of life, the plaintiff was compelled to seek employment to earn a livelihood for herself and her child; that the said defendant objected thereto, claiming that it would injure him in his business, which is that of an attorney at law, and cursed and abused the plaintiff, and called her vile names, because of the fact that she was attempting to earn her own livelihood; that defendant is a person of high temper, and has continually during the several years last past, and especially since the plaintiff has attempted to learn her own livelihood, abused the plaintiff, treating her in an overbearing and insulting manner, calling her vile names, and has charged the plaintiff with wanting to work for the sole and only purpose of being in the society of men; that, while he has not directly accused the plaintiff of infidelity, he has implied such a condition by cursing and swearing at the plaintiff, and charging her with working for the purpose of being in the society of other men.

"Plaintiff further says for the said two years last past the conduct of said defendant towards the plaintiff has been such as to continually humiliate her, and has been such as to render the life of plaintiff unbearable with the said defendant; that the said defendant on one occasion stated to the plaintiff that he has lost all respect for her, and didn't think any more of her than he did of that chair, pointing to a chair in the room, and that defendant is an unfit person to have the care, custody, and control of the said Thaddeus Eustis Robertson, the child of plaintiff and defendant; that by reason of the premises the plaintiff is unable to live with the defendant; that it is necessary for the plaintiff to work for the purpose of supporting herself and her said child.

"Second. For a second and further cause of action against the defendant the plaintiff avers:

"That for more than two years last past the said defendant has been guilty of gross neglect of his duty towards the plaintiff in this to wit, the said plaintiff here refers to each, all, and every of the allegations set forth and contained in her first cause of action, and adopts the same as the allegations and statements of this, her second cause of action. and makes the same a part of this, her second cause of action, as fully and to the same extent as if the said allegations and statements were herein set forth at length."

The answer of defendant, omitting caption and signatures, is as follows:

"Comes now the defendant, T. E. Robertson, and for answer to the petition filed by plaintiff herein denies generally each and every material allegation therein contained."

Neither a motion to make more definite and certain nor a demurrer to the original or amended petition was interposed.

The evidence in this case is voluminous, and we are of the opinion that no substantial good can possibly result from setting out the details of the exceedingly unpleasant and unfortunate circumstances related by the witnesses. No demurrer was interposed to the evidence or a directed verdict requested.

The court made finding of facts, and rendered a decree in favor of plaintiff as shown by a journal entry in the case, which, omitting caption and signatures, is as follows:

"Now, on this second day of May, A. D. 1916, the same being one of the regular judicial days of the May, A. D. 1916, term of this court, this cause comes regularly on for hearing, having been duly and regularly reached for trial. The plaintiff appearing in person, and by Asp, Snyder, Owen & Lybrand, her attorneys, and the said defendant appearing in person by James S. Ross, his attorney; and thereupon parties announced themselves ready for trial, and the said cause is tried upon the petition of the plaintiff and the answer of the defendant thereto; and thereupon the plaintiff proceeds with the introduction of her testimony and rests her case; and thereupon the defendant introduces his testimony and rests his case; and thereupon plaintiff introduces her testimony in rebuttal and rests her case.

"And thereupon, by leave of court and without objection, plaintiff is permitted to file an amended petition herein to conform to the proof offered in said cause, and which is accordingly done, the answer of defendant to stand as an answer to said amended petition.

"And thereupon, upon consideration of said testimony, finds upon the first cause of action of the plaintiff the issues in favor of the plaintiff and against the defendant; and finds that the said defendant, for more than two years next preceding the filing of said petition, has been guilty of extreme cruelty towards the plaintiff, and by reason of such extreme cruelty the said plaintiff is entitled to have the marriage relations existing between the plaintiff and defendant set aside and held for naught, and to be divorced from said defendant.

"Upon the second cause of action set forth in the petition of the plaintiff the court finds the issues in favor of the defendant and against the plaintiff.

"The court further finds that the said plaintiff is entitled to have the care, custody, and control of the minor child, Thaddeus Eustis Robertson, but that the said defendant should be entitled to visit the said child and to see the same at all reasonable times.

"It is therefore, on this 2d day of May,

1916, considered, ordered, adjudged, and decreed by the court that the marriage relations heretofore and now existing between the said plaintiff and defendant be, and the same is hereby, canceled, annulled, set aside, and held for naught, and that the said plaintiff, Marion Robertson, be, and she is, hereby forever divorced from the said defendant, T. E. Robertson.

"It is further considered and ordered that neither the plaintiff nor the defendant shall marry until the expiration of six months from the granting of this decree.

"It is further considered, ordered, and adjudged that the plaintiff, Marion Robertson, have the care, custody, and control of the minor child of plaintiff and defendant, Thaddeus Eustis Robertson, and that the said defendant be permitted to visit and see the said minor child of plaintiff and defendant at all reasonable times, subject to and until the further order of the court."

On May 4, 1916, the defendant made a motion to set aside the decree granted in said cause and grant a new trial, which was heard and overruled, and exception saved. Action of the court upon said motion is shown by a journal entry, which, omitting the caption and signature, is as follows:

"This cause coming on to be heard on the 12th day of June, 1916, the same being one of the regular judicial days of the May, 1916, term of said court, on motion of the defendant herein to set aside the judgment and decree heretofore entered and made. The plaintiff appeared by Asp, Snyder, Owen & Lybrand, her attorneys, and the defendant appeared in person and by J. S. Ross and Everest & Campbell, his attorneys. After argument of counsel, the court announced that on the trial of this action, in announcing the decision, the court made a statement, which statement was taken by the court stenographer, and was thereafter transcribed by him, and presented to the court by the defendant, and was by the court subscribed, and was by the defendant herein filed with the clerk of this court.

"The court further says that while the court does not withdraw anything from the statement so made, that the court desired it clearly understood that such statement was not intended as and was not a finding of fact; that in rendering the decision there were other facts found than those included in said statement, which were taken into consideration by the court, which will be announced if either party desires.

"Thereupon the parties and their attorneys announced to this court 'that it was their understanding, and it was so understood by the court, that said statement was not considered by any of the parties as a complete finding of facts, but that such appeal would be presented to the reviewing court upon the entire record. And it was further ordered by the court **that the decision of the court should operate and stand as a general finding of fact in favor of the plaintiff and against the defendant,** to which order of the court the said defendant duly excepted."

Defendant, being dissatisfied with the decree rendered, gave timely motion of and perfected an appeal to the court.

It is earnestly contended by the defendant that the case was tried upon the original petition, and that the same is insufficient to state a cause of action; and with this contention we cannot agree, for the record clearly discloses that the case was tried upon the amended petition, and this amended petition we think clearly states a cause of action.

It is also earnestly insisted by the defendant that the evidence is insufficient to support the decree rendered, and notwithstanding a demurrer was not interposed to the evidence or motion made for a directed verdict, as the case was tried to the court, and a motion made for a new trial upon the grounds of "the insufficiency of the evidence to support the judgment," this court will review the evidence (Lambert v. Harrison, 69 Okla. 172, 171 Pac. 45; Laclede Oil & Gas Co. v. Miller, 69 Okla. 242, 172 Pac. 84); and such review we have carefully made, and, after reading the entire record, we are of the opinion that the finding of facts found by the court and the judgment rendered are reasonably supported by the evidence, though the evidence is in some conflict, and we are so impressed especially in view of the fact that the defendant, who testified in the case, did not deny some of the wrongs complained of as testified by the plaintiff, and did not positively deny all of the acts of the personal violence testified by the plaintiff as having been inflicted by the defendant upon the plaintiff.

Authorities from many states are cited in brief of each the plaintiff and the defendant, defining "extreme cruelty," but these several authorities of other states we deem unnecessary to consider for the reason that extreme cruelty has been defined by our own court, and especially as such definition is in accord with the advanced ideas of today, which fully recognize the rights of the wife as equal to those of the husband, a condition brought about by the bright sunshine of the advanced civilization which enlightens our state:

"Where one spouse frequently cursed and abused the other, such conduct constituted 'extreme cruelty,' and warranted the grant-

ing of a divorce." Clark v. Clark, 55 Okla. 67, 154 Pac. 1142.

"In an action for divorce on ground of extreme cruelty, by means of unkind and harsh treatment, the intent and ability of the accused spouse to inflict such cruelty, and the susceptibility of the other spouse to such cruelty, as well as whether such other spouse is of a provocative disposition, are material points of inquiry, and in such case the trial court may take into consideration the demeanor and appearance of the parties at the trial." Wells v. Wells, 39 Okla. 765, 136 Pac. 728.

"Any unjustifiable conduct on the part of the husband, which so grievously wounds the mental feelings of the wife, or so utterly destroys her peace of mind, as to seriously impair her bodily health or endanger her life, or such as utterly destroys the legitimate ends and objects of matrimony, constitutes extreme cruelty, within the meaning of the statute, although no physical or personal violence is inflicted or even threatened." Hildebrand v. Hildebrand, 41 Okla. 306, 131 Pac. 711.

In the body of the opinion it is said:

"The law at one time required proof of physical violence where extreme cruelty was relied upon as a ground for divorce; but the later and better considered cases have repudiated this doctrine, as taking too low and sensual a view of the marriage relation, and it is now very generally held that any unjustifiable conduct on the part of either spouse, which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health or endanger the life of the other, or such as utterly destroys the legitimate ends * * * of matrimony, constitutes extreme cruelty," within the meaning of "the statutes, although no physical or personal violence be inflicted or even threatened."

In Beach v. Beach, 4 Okla. 359, 46 Pac. 514, it is held:

"That cruelty which is contemplated by the law as being ground of divorce is the cruelty which renders cohabitation intolerable, which destroys the concord the harmony, and affection of the parties, and renders unsafe the actual existence of the marital relations."

In the said case it is further held:

"At the common law. to authorize the court to proceed to a separation on the ground of cruelty, there must have been either * * * violence committed which endangered life, limb, or health, or there must have been a reasonable apprehension of such violence. The element of mental suffering, distress, or injury, unaccompanied by violence or an apprehension of violence, was entirely excluded; but the doctrine is now established

that without physical violence, acts or conduct which, operating upon the mind, and through the mind, upon the physical system, produce bodily hurt, may constitute cause for divorce."

As subsequent to making the statements made by the court at the conclusion of the trial the court announced that such statements were not to be regarded as a finding of facts, which announcement was concurred in by the attorneys of the parties, such statements cannot affect the case in any way, and we therefore decline to consider them.

We are of the opinion that the motion for a new trial was properly overruled, and that the judgment of the court is reasonably sustained by the weight of the evidence.

Finding no error in the record, the cause is affirmed.

By the Court: It is so ordered.