ALLMON v. ALLMON.

No. 31891. Dec. 4, 1945.

Rehearing Denied Jan. 15, 1946.

*164 P. 2d 975.*

Wm. T. Powell, of Walters, for plaintiff in error.

J. F. Thomas, of Lawton, for defendant in error.

HURST, V. C. J. This is an action by Anita Allmon against Oras Allmon for divorce on the grounds of extreme cruelty, and for the custody of their three-year-old daughter and two-year-old son. The defendant in his answer denied the allegation of cruelty and contended that the court did not have jurisdiction of the action for the reason that his wife had abandoned him and had established her residence in the State of Texas. The court granted the plaintiff a divorce, the custody of their two children, and one-half of the income from their home for the support of the children, with the right of the husband to custody of the children during vacations between school terms. From said judgment the defendant has appealed.

The defendant was earning $240 per month when he received a serious injury in an automobile collision on November 21, 1941, and he has not been able to work since, and he is still an invalid and able to walk only with the aid of crutches. His wife stayed with him and nursed him at their home in Walters until May 11, 1943, when she left him. She took her young son with her and went to the home of her parents in Wichita Falls, Tex. She has never lived with her husband since. Since the separation, the defendant and his daughter have been living at the home of the defendant's parents, and his mother has been caring for him.

We have carefully considered the evidence as to the residence of the plaintiff, and we cannot say that the finding of the court that she was a resident of Cotton county so as to give the court jurisdiction is clearly against the weight of the evidence.

There is a strong intimation that plaintiff left her husband because she

was tired of taking care of him as an invalid. The wife denied this and testified that she left because she could not endure his abuse. Great latitude is allowed in determining what constitutes extreme cruelty, and the findings of the court for the plaintiff are not clearly against the weight of the evidence and will not be disturbed.

The children were of young and tender years. It was therefore proper to give their custody to their mother, with the privilege of the father to have them during vacations. 30 O. S. 1941 § 11.

There is evidence that the defendant may never recover from his injury and that he may never be gainfully employed again. Prior to the accident, however, the defendant had taken out an accident insurance policy, and he has been drawing the sum of $81 per month, and he will continue to draw this monthly income during his disability. During his employment the defendant had saved some money, and since the accident he used this money to buy a small home in Walters and the title was placed in his name and the name of his wife jointly. They owned this home, which was of the value of $1,200, and the furniture, which was of the value of $300. Since the separation, the husband has been living with his parents and renting his home for $15 per month, and the judgment provided that one-half of the rent should go to the plaintiff for the support of the children.

This case presents a difficult problem. The defendant needs this home and his insurance payments, which, according to the evidence, is not quite sufficient to furnish him with his essential needs. On the other hand, his duty to his children is one from which he cannot escape. It is evident that the trial court exercised its best judgment in adjusting these conflicting interests, and we are unable to say that the judgment is clearly against the clear weight of the evidence.

Affirmed.

GIBSON, C.J., and CORN. DAVISON, and ARNOLD, JJ., concur.