## PETERSON v. PETERSON.

No. 34737.  Jan. 22, 1952.

Rehearing Denied Feb. 19, 1952.

*240 P. 2d 1075.*

Hal Whitten and Joe Whitten, Oklahoma City, for plaintiff in error.

Ben F. Lewis, Oklahoma City, for defendant in error.

BINGAMAN, J. The defendant appeals from a judgment granting the plaintiff a divorce on the grounds of gross neglect of duty and extreme cruelty. For reversal it is urged that the judgment is contrary to the weight of the evidence and that there is insufficient evidence to support the judgment.

The parties were married on August 16, 1930, and separated May 10, 1947. No children were born to the marriage. Following the separation, and on the 30th day of July, 1948, a separation and property settlement agreement was arrived at between the parties and the only question for consideration is that of divorce.

During all the time the parties lived together the wife was gainfully employed. At first the husband's wages were small, and as the defendant's mother was residing with the parties, the defendant felt obliged to follow such employment. Later, when the plaintiff's wages were more substantial, he requested the defendant to discontinue her employment. This she declined to do. During his military service in World War II, the plaintiff sought to have the defendant resign her position and join him on military posts. This she likewise refused to do, probably justifiably so because of the uncertainty of the plaintiff's assignments there. She did on occasions visit him at these posts. After the war, because her work sometimes took her away from home over night, the plaintiff again sought to have the defendant discontinue her employment and devote her time to her household duties. She again declined. From the resulting quarrels between the parties the plaintiff became highly nervous and suffered with ailments of a nervous origin.

On the other hand, the defendant contends that their married life was happy until the plaintiff became infatuated with another woman he met during his period of military service. She contends his nervousness and the resulting separation came from that infatuation rather than from difficulties with her. Although the evidence is in conflict as to the cause thereof it is quite apparent that the legitimate ends of matrimony have been utterly destroyed so far as these parties are concerned.

"The burden is upon the party appealing from a divorce decree to show that the findings and judgment are against the clear weight of the evidence." Routh v. Routh, 191 Okla. 419, 130 P. 2d 1000.

This case was followed in Forrester v. Forrester, 193 Okla. 59, 141 P. 2d 92, in which case we said:

"In an action where the wife seeks separate maintenance and the husband by cross-petition seeks a divorce, and the evidence is conflicting, and there is sufficient evidence to support the decree of divorce granted to the husband, the same will not be disturbed on appeal."

To the same effect is Allmon v. Allmon, 196 Okla. 329, 164 P. 2d 975, where we held:

"An action for divorce is one of equitable cognizance, and the judgment in such an action will not be disturbed on appeal unless it is clearly against the weight of the evidence."

Extreme cruelty has been defined in Robertson v. Robertson, 73 Okla. 299, 176 P. 387, as:

"The conduct on the part of either spouse which grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other as to seriously impair the bodily health, . . . or such as utterly destroys the legitimate ends . . . of matrimony, constitutes extreme cruelty."

To the same effect is McCurdy v. McCurdy, 123 Okla. 295, 253 P. 295, and also Routh v. Routh, supra.

There are no children and the property rights have been settled by written agreement between the parties. Clearly the legitimate objects and purposes of this marriage have been destroyed. The trial court found this was the result of the conduct of defendant. Under the above cited authorities, we are unable to say that the judgment of the trial court is clearly against the weight of the evidence.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur. O'NEAL, J., dissents.