T. J. BAILEY v. UNITED STATES.

No. 811, Ind. T.   Opinion Filed November 18, 1909.

(104 Pac. 917.)

1.  **APPEAL—Review — Lost or Destroyed Record — New Trial.**
    Where, in a proceeding in error properly instituted, it appears
    that the record in the case has been lost or destroyed without
    possibility of substitution, through no fault of the appellant or
    his counsel, but solely because of the action of the court officials
    or some accident or act of Providence for which no one is re-
    sponsible, and without which record the errors complained of
    cannot be considered, the Criminal Court of Appeals has the
    power to order a new trial of the cause.

2.  **SAME.** Where a convicted defendant perfects his appeal to a
    court of last resort, and the record in the cause becomes lost
    or destroyed without fault on the part of the defendant or his
    counsel, and said record cannot be substituted, a motion to re-
    verse the judgment and grant a new trial is properly awarded
    to prevent a miscarriage of justice, or the deprivation of the
    legal right of appeal.

    (Syllabus by the Court.)

*Error from the United States Court for the Southern District of
the Indian Territory; J. T. Dickerson, Judge.*

T. J. Bailey was convicted of larceny, and brought error to
the United States Court of Appeals for the Indian Territory,
whence the cause was removed to the Supreme Court of Oklahoma,
and then transferred to the Criminal Court of Appeals.   On mo-
tion to reverse judgment and grant a new trial by reason of loss
of record.   Reversed and remanded.

*A. M. Croxton,* for plaintiff in error.

*Fielding Lewis,* Asst. Atty. Gen., and *Charles L. Moore,*
Asst. Atty. Gen., for the United States.

DOYLE, JUDGE.   T. J. Bailey, was indicted, tried, and con-
victed in the United States Court for the Southern District of
the Indian Territory, sitting at Ada, for the crime of larceny.
Motions for new trial and in arrest of judgment were duly filed,
overruled, and exceptions allowed, and on the 19th day of October,

1906, the court pronounced judgment, and sentenced him to serve a term of two years' imprisonment in the federal prison. A writ of error was allowed to the United States Court of Appeals for the Indian Territory, and the cause was there pending when Oklahoma was admitted as a state. The cause was then removed to the Supreme Court of Oklahoma as by law provided, and, upon the organization of the Criminal Court of Appeals, it was duly transferred by the Supreme Court to this court. The docket entries of the clerk of the Supreme Court show that the record in this cause was delivered to the late Fielding Lewis, as Assistant Attorney General, and that said record has not been returned to said clerk. The cause has been passed from term to term to give the Attorney General's office an opportunity to supply the record. It now appears by the admission of Charles L. Moore, Assistant Attorney General, assigned to represent the state before this court, that this record is hopelessly lost, and cannot be supplied by substitution, and that this unfortunate condition exists through no fault, neglect, or laches on the part of the appellant or his counsel sel. For these reasons the motion of the appellant to reverse the judgment and grant a new trial is not contested on the part of the state. It thus appears that the record has been lost through no fault of appellant or his counsel and that it cannot be reproduced or a copy thereof substituted. We are of opinion that the right to have the judgment reviewed, and in case of error reversed, va..ated, or modified, should not be denied to a defendant when he has complied with all the requirements of the law in perfecting his appeal, and in this case, owing to the unfortunate circumstances assigned, a new trial should be granted as a matter of right and justice.

It seems to be well established, as a general rule, that where a defendant has done all that the law requires in perfecting his appeal, and where the record necessary for a review of the case is lost or destroyed while in the custody of an officer of the court, in order to prevent a possible miscarriage of justice by depriving the defendant of his legal right of appeal, a new trial will be granted.

In *Crittendon v. Schermerhorn,* 35 Mich. 370, Chief Justice Cooley said:

"Where a party has lost the benefit of his exceptions from causes beyond his control, it is proper to give him a new trial, and this we have done in some cases where the judge's term of office expired before exceptions could be settled."

In *Borrowscale v. Bosworth,* 98 Mass. 34, it was said:

"We can have no doubt that where a party has regularly taken exceptions in a cause, and has lost the benefit of them without fault of his own, a new trial may be granted. He has a right by law to the judgment of the higher court upon the decision by which he feels himself to be aggrieved, and a new trial may be his only remedy."

In the case of *Hume v. Bowie,* 148 U. S. 245, 13 Sup. Ct. 582, 37 L. Ed. 438, the Supreme Court of the United States recognized the general rule, and said:

"Ordinarily, where a party, without laches on his part, loses the benefit of his exceptions through the death or illness of the judge, a new trial will be granted."

In the case of *State v. Reed,* 67 Mo. 36, it appeared that the record of the case was defective, and upon a suggestion by the appellant of a diminution of the record a certiorari was awarded, to which a return was made to the effect that the office of the clerk of court had been broken open, and nearly all of the papers in the case stolen. The record sent up in obedience to the certiorari was therefore more defective than the first. In consequence of the inability to obtain a perfect record a motion filed to reverse the judgment on that ground was sustained.

In the case of *Ruston v. State,* 15 Tex. App. 336, the court said:

"It appears that the defendant, without any fault or neglect upon his part, or on the part of his counsel has been deprived of a most important legal right; and, such being the case, the judgment of conviction will be reversed and the case remanded."

In the case of *Fire Ass'n v. McNerney,* 54 S. W. 1053, a case decided by the Court of Civil Appeals of Texas, it appears that the court's instructions to the jury had been destroyed by fire

3 Cr.—12

subsequent to the trial, and a motion was made and heard to substitute an instruction in place of one destroyed as a basis for an exception to such charge by the appellant. There was a dispute between the parties as to the correctness of the substituted copy. The trial court refused to substitute the charge as requested, on the ground that it had no recollection of having given such a charge as was contended for by the defendant in error, and that the proof offered did not establish the charge contended for by plaintiff in error. The court said with reference to that motion:

"We are of the opinion that if the court, upon a hearing of such motion, finds it impossible to supply the lost papers( if the loss is not due to appellant's fault or negligence), a new trial should be granted. A party should not be deprived of his right of appeal by loss of the record due to an accident not chargeable to him."

In *State v. Gaslin,* 32 Neb. 291, 49 N. W. 353, the court said:

"A litigant should not be deprived of the right to have his case heard in a court of last resort on account of the failure of the official stenographer to furnish him a copy of the testimony."

In *Sanders v. Norris,* 82 N. C. 243, the court said:

"The defendant is entitled to his appeal, and has lost it by no laches on his part; and in such cases it has been the established practice in this court to order a new trial."

In the case of *Richardson v. State,* 15 Wyo. 465, 89 Pac. 1027, Chief Justice Potter, in an able opinion, after reviewing the authorities, said:

"Incidental to the power to compel a correct record to be sent up, or a bill of exceptions to be settled, is the power, as it seems to us, of ordering a new trial of the cause, where it is made to appear that the only record in the cause has been destroyed without possibility of substitution through no fault of the appellant, or where, without fault on the part of the appellant or his counsel, but solely because of the neglect or delay of some court official, or some accident or act of providence for which no one is responsible, it has become impossible for a bill of exceptions to be settled, without which the errors complained of cannot be considered."

We find no express provision in the laws in force in the In-

dian Territory, under which this appeal was taken, authorizing a new trial for the reason stated in the motion. However, it is clear that in any case properly before this court, where it is made to appear that the record in the case has been destroyed, without possibility of substitution, through no fault of the appellant or his counsel, the court may order a new trial. Otherwise, under such circumstances, it would be a denial of justice to place the burden of this unfortunate condition of affairs upon the appellant, and deny him the right to have the proceedings of his trial reviewed by the court of last resort. Both upon reason and authority we are convinced that such a manifest injustice ought not, and need not, be permitted. Upon that ground, and for the reasons stated, we are of opinion that there should be a new trial awarded.

The judgment of the United States District Court of the Southern District of the Indian Territory in said cause is hereby reversed, and the cause remanded to the district court of Pontotoc county.

OWEN, JUDGE, concurs; FURMAN, PRESIDING JUDGE, disqualified.