### RUDOLPH TEGLER v. STATE.

No. A-130. Opinion Filed March 31, 1910.

(107 Pac. 949.)

**NEW TRIAL—Death of Judge Before Settlement of Case-Made.** Under the provisions of the law in force at the date of this trial, the judge who presided at the trial was the only person authorized to settle and sign a case-made, and, such judge having died after the completion of the trial and before the case-made had been settled and signed, the defendant, without fault on his part, was thereby deprived of his constitutional right to present a complete appeal to this court, and is thereby entitled to a new trial.

(Syllabus by the Court.)

*Appeal from District Court, Oklahoma County; J. G. Lowe, Judge.*

Rudolph Tegler was convicted of murder, and appeals. Reversed and remanded for new trial.

On the 11th day of April, 1908, Rudolph Tegler, the defendant, after having been indicted and tried, was by the judgment and sentence of the Thirteenth judicial district court of the state of Oklahoma adjudged guilty of the crime of murder, and sentenced to imprisonment in the penitentiary for the term of his natural life. Motions for a new trial and in arrest of judgment

had been previously made and overruled and exceptions saved, and time had been given to make and serve a case-made. The trial was presided over by Hon. J. G. Lowe, one of the regular judges of the said district court, but, before the case-made was prepared, served, settled, and allowed, Judge Lowe departed this life. Subsequently to the death of Judge Lowe, Hon. Jno. J. Carney attempted to allow, settle, and sign the case-made, as the successor in office of Judge Lowe. The record shows that this attempted settlement of the case-made was done with the consent of counsel who represented the state in the lower court. The appeal is now before us on transcript of the record and the attempted case-made.

*J. W. Johnson* and *A. N. Munden,* for appellant.

*Charles L. Moore,* Asst. Atty. Gen., and *S. H. Harris,* for the State.

FURMAN, PRESIDING JUDGE (after stating the facts as above). Counsel for the state insist that this court cannot consider the attempted case-made contained in the record upon the ground that "Judge Lowe, who presided at the trial, was the only person authorized by law to settle and sign the case-made, and that the purported case-made is a mere nullity, and is no part of the record, and cannot be considered for the purpose of determining the alleged errors sought to be presented by it for review." In the case of *Spray v. Territory,* 6 Okla. 4, 37 Pac. 1075, the Supreme Court of the Territory of Oklahoma, said:

"When a criminal cause is brought here upon writ of error or appeal in such a manner that the court cannot pass upon the substantial rights of the parties, the provisions of the statute relating thereto must be strictly complied with. An agreement of attorneys, prescribing the time or manner of taking such appeal or bringing such writ of error here cannot be substituted in lieu of the provisions of the statute."

In *Bailey v. Territory,* 9 Okla. 461, 60 Pac. 117, the Supreme Court of the Territory said:

"An appeal is a right conferred by the organic act, but the manner of perfecting an appeal is a matter of statutory regulation.

The criminal procedure act makes specific and definite provisions for the mode of taking appeals in criminal causes."

Section 4742, Wilson's Rev. & Ann. St. in force at the time of the trial in this case is as follows:

"The court or judge may, upon good cause shown, extend time for making a case and the time in which the case may be served; and may also direct notice to be given of the time when a case may be presented for settlement after the same has been made and served, and amendments suggested, which when so made and presented shall be settled, certified and signed by the judge who tried the cause, and the case so settled and made shall thereupon be filed with the papers in the cause; and in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects, as if his term had not expired; and if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause and certified accordingly."

This statute in plain and mandatory terms provides that the case-made "shall be settled, certified and signed by the judge who tried the cause." There was then no provision of law permitting any other judge to perform this duty. It is therefore plain that a case-made attempted to be settled by any other judge would be void, and could not be regarded otherwise than a nullity. It is true that the special session of the Legislature of 1910 did amend the law in this respect, and that in the future, in the event of the death of the judge who tried a case, the case-made may be settled and signed by his successor in office. But this amendment has no application to the case before us. This case must be determined by the law in force at the time that the present case-made was settled. The Attorney General is therefore correct in his contention, and we are unable to consider for any purposes the attempted case-made contained in the record.

If the failure to have a case-made incorporated in the record in the manner required by law is the result of the neglect or fault of a defendant, or of those who represent him, then the

defendant could not be heard to complain; neither would this court have power to relieve him against the consequences of such failure. But this is not the state of facts which is now before us. Here there is no case-made in the record, owing to facts for which the defendant and his counsel are in no manner responsible, and which rendered it impossible to comply with the mandates of the law. Our Constitution recognizes the right of appeal in criminal cases, but leaves it to the Legislature to provide the means and method of exercising this right. We are bound by the provisions of law regulating appeals provided by the Legislature. Shall a constitutional privilege conferring a substantial right be denied because some unavoidable accident renders the provision of law inadequate? Is it not the sworn duty of this court to secure to each citizen of Oklahoma the full and unimpaired enjoyment of all of his constitutional rights, it matters not how humble, poor, and penniless such citizen may be? It would be a contemptible farce to say that the defendant in this case had been granted the full enjoyment and exercise of his right of an appeal to this court, when, owing to the death of Judge Lowe, it had become out of the power of the defendant to present to this court a case-made as provided by law, containing all that transpired at the trial, except those matters which constitute the record proper. We cannot pass intelligently upon the questions presented to this court by the record proper, unless we can consider the facts transpiring at the trial and the testimony of the witnesses. This we cannot do without the case-made. This defendant has the constitutional right to have this court consider the facts of this case, and the legal questions involved in the light of these facts, and of all that transpired at the trial, and he cannot be deprived of this right by the death of the judge who tried the case.

The record shows that counsel for the defendant did more than the law required or provided for in attempting to secure a case-made. This certainly should not be charged against them as a waiver of the constitutional rights of their client. In *Bailey*

*v. United States. ante,* p. 175, 104 Pac. 918, Judge Doyle, speaking for this court, said:

"It seems to be well established, as a general rule, that where a defendant has done all that the law requires in perfecting his appeal, and where the record necessary for a review of the case is lost or destroyed while in the custody of an officer of the court, in order to prevent a possible miscarriage of justice by depriving the defendant of his legal right of appeal, a new trial will be granted. In *Crittenden v. Schermerhorn,* 35 Mich. 370, Chief Justice Cooley said: 'Where a party has lost the benefit of his exceptions from causes beyond his control, it is proper to give him a new trial, and this we have done in some cases where the judge's term of office expired before exceptions could be settled.' In *Borrowscale v. Bosworth,* 98 Mass. 34, it was said: 'We can have no doubt that where a party has regularly taken exceptions in a cause, and has lost the benefit of them without fault of his own, a new trial may be granted. He has a right by law to the judgment of the higher court upon the decision by which he feels himself to be aggrieved, and a new trial may be his only remedy.' In the case of *Hume v. Bowie,* 148 U. S. 245, 13 Sup. Ct. 582, 37 L. Ed. 438, the Supreme Court of the United States recognized the general rule, and said: 'Ordinarily, where a party, without laches on his part, loses the benefit of his exceptions through the death or illness of the judge, a new trial will be granted.' In the case of *State v. Reed,* 67 Mo. 36, it appeared that the record of the case was defective, and upon a suggestion by the appellant of a diminution of the record a certiorari was awarded, to which a return was made to the effect that the office of the clerk of the court had been broken open, and nearly all of the papers in the case stolen. The record sent up in obedience to the certiorari was therefore more defective than the first. In consequence of the inability to obtain a perfect record, a motion filed to reverse the judgment on that ground was sustained. In the case of *Ruston v. State,* 15 Tex. App. 336, the court said: 'It appears that the defendant, without any fault or negligence upon his part, or on the part of his counsel, has been deprived of a most important legal right; and, such being the case, the judgment of conviction will be reversed, and the case remanded.' In the case of *Fire Ass'n v. McNerney,* 54 S. W. 1053, a case decided by the Court of Civil Appeals of Texas, it appears that the court's instructions to the jury had been destroyed by fire subsequent to the trial, and a motion was made and heard to substi-

tute an instruction in place of one destroyed as a basis for an exception to such charge by the appellant. There was a dispute between the parties as to the correctness of the substituted copy. The trial court refused to substitute the charge as requested, on the ground that it had no recollection of having given such a charge as was contended for by the defendant in error, and that the proof offered did not establish the charge contended for by plaintiff in error. The court said with reference to that motion: 'We are of the opinion that if the court, upon a hearing of such motion, finds it impossible to supply the lost papers (if the loss is not due to appellant's fault or negligence), a new trial should be granted. A party should not be deprived of his right of appeal by loss of the record due to an accident not chargeable to him.' In *State v. Gaslin*, 32 Neb. 291, 49 N. W. 353, the court said: 'A litigant should not be deprived of the right to have his case heard in a court of last resort on account of the failure of the official stenographer to furnish him a copy of the testimony.' In *Sanders v. Norris*, 82 N. C. 243, the court said: 'The defendant is entitled to his appeal, and has lost it by no laches on his part; and in such cases it has been the established practice in this court to order a new trial.' In the case of *Richardson v. State*, 15 Wyo. 465, 89 Pac. 1027, Chief Justice Potter, in an able opinion, after reviewing the authorities, said: 'Incidental to the power to compel a correct record to be sent up, or a bill of exceptions to be settled, is the power, as it seems to us, of ordering a new trial of the cause, where it is made to appear that the only record in the cause has been destroyed without possibility of substitution through no fault on the part of the appellant, or where, without fault on the part of the appellant or his counsel, but solely because of the neglect or delay of some court official, or some accident or act of Providence for which no one is responsible, it has become impossible for a bill of exceptions to be settled, without which the errors complained of cannot be considered.' "

The judgment against the defendant is reversed solely upon the ground that, owing to the death of Judge Lowe, the defendant has been deprived of the exercise of his constitutional right to have his appeal fully considered by this court.

The instructions given to the jury which constitute a part of the record proper are open to a number of criticisms, but we cannot intelligently determine these matters unless we could consider them in connection with the facts of the case. An erroneous in-

struction which might become material and result in reversal, under one state of facts, might be harmless, and not be ground for reversal under a different state of facts. Hence the importance or rather necessity of a case-made in determining appeals; and as there is no case-made in this case, through no fault of the defendant or his counsel, manifest justice requires that the judgment of conviction be reversed, and the cause remanded for a new trial.

DOYLE and OWEN, JUDGES, concur.