## CARSIE ELLIOTT v. STATE.

No. A-233.   Opinion Filed February 6, 1911.

(113 Pac. 213.)

1. APPEAL—Reversal—Loss of Transcript. When the record discloses that the appellant is unable to present a full and complete appeal in this court by reason of the loss of portions of the transcript by officials of the court below through no fault of his, the cause will be reversed.

2. NEW TRIAL—Grounds—Loss of Record. When the record or portions of the record material to appeal are misplaced through no fault of the appellant. the trial court should grant a new trial upon proper showing in the same manner as the law provides for new trials on the ground of newly discovered evidence.

(Syllabus by the Court.)

*Appeal from Stephens County Court; W. H. Admire, Judge.*

Carsie Elliott was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded, with directions.

*Gilbert & Bond,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The appellant was convicted in the county court of Stephens county on the 4th day of May, 1909, on a charge of selling intoxicating liquor. On the 7th day of May, 1909, he filed a motion for a new trial, which was overruled, and he excepted. On the same day judgment was pronounced, and he was allowed 30 days in which to make and serve case-made. On the 3d day of June an extension of 20 days was granted by the court upon a showing that the appellant had been unable to secure a transcript of the evidence. The record shows that the stenographer lost the notebook containing the stenographic report of the testimony taken at this trial, and was unable to furnish the defendant with a transcript of the same for that reason; that the defendant made due and proper demand for the same, and was in no way at fault in the premises. The county judge also exonerates the appellant from any blame in this connection. This court has held in the case of *Tegeler v. State,* 3 Okla. Cr. 595, 107 Pac. 949, that, where a defendant is deprived of his right to present a complete appeal to this court through no fault of his, he is entitled to a new trial. The same rule is announced in the case of *Bailey v. United States,* 3 Okla. Cr. 175, 104 Pac. 917, 25 L. R. A. (N. S.) 860. The record clearly discloses that in this case the appellant is in no wise at fault by reason of the loss of the stenographic notes, and that he could not perfect a complete appeal without them. When this condition arises and is properly presented to the trial court, and it is made to clearly appear to that court that the defendant is not responsible for the loss of the record or material portions thereof which cannot be supplied in any way, a new trial should be granted and save the expense of bringing the cause to this court for reversal.

Following the doctrine announced in the cases cited, *supra,* this cause is reversed and remanded, with directions to the court below to grant the appellant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.