## MIKE THORNSBERRY v. STATE.

No. A-1389.   Opinion Filed September 14, 1912.

(126 Pac. 590.

1. **APPEAL — Case-Made — Incorporation of Testimony.** The fact that a stenographer's notes may have been lost or stolen will not excuse the failure of appellant to incorporate the testimony upon his trial in the case-made, and cannot be considered as ground for a new trial.

2. **SAME—Instructions.** Instructions must always be considered in the light of the evidence to which they apply; and where the testimony is not brought up on appeal an instruction will not be held to be erroneous if it would have been correct under any conceivable state of facts which may have been proven.

3. **SAME—Presumptions.** We never presume error in the proceedings of a court of record, but, on the contrary, the presumption is that the trial was regular and fair; and the burden is upon the party complaining of any ruling of the trial court to show that it was erroneous, and that he suffered injury thereby.

(Syllabus by the Court.)

*Appeal from District Court, McIntosh County;*
*R. C. Allen, Judge.*

Mike Thornsberry was convicted for assault with a deadly weapon, and appeals.   Affirmed.

*J. B. Lucas,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *H. A. King,* for the State.

FURMAN, P. J.   First.   There is in the record no case-made or statement of the testimony given upon the trial.   An attempt is made to excuse this upon the ground that the stenographer's notes were stolen.   That a stenographer's notes may have been stolen cannot be recognized as a ground for granting a new trial.   This question was expressly passed upon in the case of *Dobbs v. State,* 5 Okla. Cr. 479, 114 Pac. 360.   This court there said:

"The mere fact that a stenographer may have lost his notes, or that they may have been stolen from him, would not constitute a valid excuse for a failure on the part of the appellant to prepare and serve a case-made. If it did, every judgment entered by any court of record would be at the mercy of the carelessness and dishonesty of the court stenographer. While the stenographer's notes of the testimony constitute the most convenient means of perparing a case-made, yet they are not the only source from which a case-made may be prepared. Even when a case-made is prepared from the stenographer's notes of the testimony, it must still be approved by the judge who tried the case, and he is not bound by such notes, but must still see that the case-made speaks the truth; and he may correct such case-made from memory, or from any source that may be satisfactory to him."

Second. Complaint is made against some of the instructions given by the judge upon the trial of this cause. We have carefully read the instructions of the court and fail to find any fundamental errors therein. The instructions must always be considered in the light of the evidence to which they are applicable; and where the testimony is not brought up on appeal an instruction will not be held to be erroneous if it would have been correct under any conceivable state of facts that may have been proven. See *Cohn v. State*, 4 Okla. Cr. 494, 113 Pac. 217. We never presume error in the proceedings of a court of record, but, on the contrary, the presumption is that the trial was regular and fair; and the burden is upon the party complaining of any ruling of the trial court to show that it was erroneous, and that he suffered injury thereby. As was said by Judge Doyle in *Killough v. State*, 6 Okla. Cr. 311, 118 Pac. 620:

"Error must affirmatively appear from the record. It is never presumed. Every presumption is in favor of regularity of the proceedings had upon the trial. The general rule, often announced by this court, is that the plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the lower court will be affirmed. In the absence of a transcript of the evidence, or any part thereof, in the case at bar, the presumption is that the evidence was amply sufficient as to the guilt of the defendant of the offense charged. The position assumed by counsel for the defendant is that, if error is found in the instructions, the judgment of conviction must then be reversed, whether

such error operates to the prejudice of the defendant or not. Such is not the law in this jurisdiction. In many cases determined by this court, the contrary doctrine is announced. This court has often held that when the instructions as a whole, taken and considered together, embrace the law of the case, though one of them may be erroneous, still, for such error, a judgment of conviction will not be reversed, unless it shall appear from the whole record that it was prejudicial to the substantial rights of the defendant, or by reason thereof it seems probable that injustice may have been done. The instructions here, taken as a whole, substantially and fairly present the law of the case. That is sufficient, and for the reasons stated we shall not attempt to decide whether or not the instructions complained of were erroneous."

The judgment of the lower court is in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.