## JOE. GIBBS v. STATE.

No. A-4162. Opinion Filed April 28, 1923.
(214 Pac. 745.)

(Syllabus.)

**Appeal and Error—New Trial Granted Where Accused Unable. to Secure Transcript of Evidence at Trial.** Where a convicted defendant, without laches or fault on his part, loses the benefit of his exceptions as reserved in a case-made, because the official court reporter absconded immediately after the trial, by reason whereof the plaintiff in error was unable to procure a transcript of the evidence with exceptions taken during the trial, a new trial will be granted.

Appeal from District Court, Rogers County; C. W. Mason, Judge.

Joe Gibbs was convicted of criminal contempt of court, and he appeals. Reversed, and remanded.

Jennings, Hall & Battenfield, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Joe Gibbs, was convicted in the district court of Rogers county of criminal contempt of court, and on September 14, 1921, was sentenced to be confined in the county jail for 60 days and to pay a fine of $500 and costs. To reverse the judgment, an appeal was taken by filing in this court, on January 10, 1922, a petition in error, with duly certified transcript of the record. In addition to various errors alleged to have occurred during the trial, counsel for plaintiff in error asks that the judgment be reversed and a new trial rendered, because the plaintiff in error has been deprived of his constitutional right to have his trial reviewed in this court upon a case-made, by reason of the fact that the official court reporter, who transcribed the testimony of the witnesses, did immediately after the trial of this case absent himself from the state of Oklahoma, and has failed and refused to furnish the plaintiff in error with a transcript of the

evidence in the case, although plaintiff in error deposited, at the direction of the district judge, money to pay the expense of the same in a bank at Claremore, Okla., after getting into communication with the official court reporter, and that the files in the case and shorthand notes of the evidence were forwarded to said official reporter and never returned to the court clerk, that shortly thereafter the counsel for plaintiff in error attempted to again get into communication with said official reporter at the place where he last heard from him, but all efforts to again locate said official reporter have failed, and that the whereabouts of said official reporter are unknown to counsel for plaintiff in error, and that the plaintiff in error was in no way responsible for the said official reporter leaving the state, and that the inability of plaintiff in error to procure a transcript of the evidence in order to present to this court a properly certified case-made was not through any fault of his.

It appears, from the record before us, that, in order for plaintiff in error to properly present the questions raised by this appeal, a transcript of the evidence and a duly certified case-made are necessary therefor. It also appears that the failure of plaintiff in error to procure this transcript of the evidence has been without any fault or laches on his part; that plaintiff in error made every possible effort to procure such transcript of the evidence with due diligence on his part; furthermore that there is no reasonable probability that he will ever be able to procure a transcript of the evidence in this case, this by reason of the fact that the court reporter summarily left the state immediately after the trial of the case, and that his whereabouts are at this time unknown.

Under the provisions of the statute, an appeal may be taken, either by certified transcript of the record proper, or by case-made as by law provided. An appeal by transcript

does not bring up for review questions that arose upon exceptions taken to the rulings of the court upon the admission and exclusion of evidence. In order to present questions arising during the course of the trial proper, the plaintiff in error is entitled to have before this court a duly certified case-made. That plaintiff in error has been deprived of his right without fault on his part to have his case reviewed on the errors assigned in this court, we think is apparent from the undisputed facts above stated. The Attorney General has confessed error on this ground, and asks that the cause be remanded for a new trial, in order that the plaintiff in error may not be denied any of his statutory rights.

The confession of error of the Attorney General is sustained, and the judgment of conviction is reversed, and the cause remanded to the district court of Rogers county, with instructions to grant the plaintiff in error a new trial.