## W. H. CRITTENDON v. STATE.

No. A-6794.    Opinion Filed October 5, 1929.
(281 Pac. 315.)

Orban C. Patterson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was by information charged with the crime of attempt to kill, was tried and convicted and sentenced to imprisonment in the penitentiary for one year and one day. Motion for new trial was filed and overruled, and defendant duly excepted and has appealed to this court.

In addition to the various errors alleged to have occurred during the trial, the counsel for defendant pleads that the judgment be reversed and a new trial granted, for the reason that the defendant has been deprived of his constitutional rights to have his trial reviewed in this court upon a case-made by reason of the fact that the testimony in chief by the court reporter has been lost or destroyed and cannot be found and transcribed by the court reporter; the court reporter testifying that she had made due diligence and effort to find her shorthand notes where she reported the case, and that the notebooks in which she reported the testimony and proceedings were taken from her desk and she has been unable to find them; that the only testimony she had and could transcribe from her notes was a part of the testimony in rebuttal.

The defendant alleges that it is no fault of his that the shorthand notes of his trial disappeared, and, in order for him to properly prepare and present the question raised in his appeal, a transcript of the evidence and duly certified case-made are necessary therefor. It also appears that a failure of the defendant to procure this transcript of evidence has been without fault or laches on his part. Furthermore, there is no reasonable prob-

ability that he will ever be able to procure a transcript of the evidence in this case.

Under the provisions of our statute an appeal may be taken either by certified transcript of the record or by case-made. However, an appeal by transcript does not bring up for review the questions that arose upon exceptions taken to the rulings of the court upon the admission or exclusion of the evidence.

In order that the defendant may present the questions arising during the trial proper it is necessary to have before this court a duly certified case-made.

The court reporter was called as a witness in support of the motion for a new trial on the ground that her shorthand notes had been misplaced, lost, or destroyed, and testified she had been unable to find the shorthand notes containing the testimony in chief of the trial of the case. In the taking of the testimony an effort was made to show that some one friendly to the defendant, or one of the defendant's attorneys, was responsible for the disappearance of the shorthand notes. The testimony is insufficient to show that the defendant had anything to do with the shorthand notes being lost or destroyed, or that he had any knowledge that they had been lost or destroyed. When a court reporter is unable to furnish a transcript of the evidence, by reason of the shorthand notes being lost, the case should be reversed and remanded. Elliott v. State, 5 Okla. Cr. 63, 113 Pac. 213; Thornsberry v. State, 8 Okla. Cr. 88, 126 Pac. 590; Butts v. Anderson, 19 Okla. Cr. 369, 91 Pac. 906; Gibbs v. State, 23 Okla. Cr. 247, 214 Pac. 745.

We think it is apparent from the record presented in this case that the defendant has been deprived of his right without fault on his part to have his case reviewed

418

on the errors assigned. In order that the defendant may not be deprived of his statutory right, the case is reversed and remanded to the district court of Oklahoma county, with directions to grant him a new trial.

EDWARDS, P. J., and CHAPPELL, J., concur.