## JOHN MOORE v. STATE.

No. A-8511.  Dec. 14, 1934.
Rehearing Denied Aug. 21, 1936.
(61 Pac. [2d] 1134.)

Anglin & Stevenson and Wilkinson & Hudson, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., Frank Watson, Co. Atty., and Frank D. Mc-Sherry, for the State.

EDWARDS, P. J.  Plaintiff in error, hereinafter called defendant, was convicted of murder in the district court of Pittsburg county and was sentenced to life imprisonment.  Defendant was first tried in the early part of 1932, which trial resulted in a disagreement of the jury.  He was again tried and the judgment herein appealed from was entered on November 19, 1932.  Defendant was granted time to make and serve case-made.  He filed notice of appeal and endeavored to procure funds to obtain a transcript of the testimony and the proceed-

ings at the trial. He was not able to do this, and on January 3d filed a poverty affidavit to procure a free record and filed his application for an extension of time in which to make and serve case-made. Both the application for free record and the application for extension of time were contested by the state and both were denied. Defendant then filed in this court a poverty affidavit for free record and an application for an extension of time. Both were contested, and this court ordered defendant's counsel to prepare and submit a case-made. A verified petition in the nature of petition for rehearing was filed, in which it is set out the testimony in said case was voluminous, that about 40 witnesses were sworn and the case closely contested, with many objections and exceptions taken. That the sufficiency of the evidence to sustain the judgment is challenged. That on account of the death of the court reporter, which occurred on April 6, 1932, without his having transcribed his notes, it is impossible for counsel to prepare a case-made which will preserve the testimony or a substantial synopsis of it or preserve the objections and exceptions and the proceedings of the trial. That defendant was not guilty of any delay in procuring a transcript of the testimony and proceedings, but acted diligently to have the record preserved. Contesting this the state made showing that the testimony at the preliminary and also at the first trial had been preserved. That a habeas corpus proceeding at which much of the evidence was taken had also been preserved and all this had been transcribed. That some one of counsel for the state had taken notes during the course of the trial and that the newspapers published daily news reports of the trial made by news reporters who were in constant attention at the trial—all this was tendered defendant's counsel. It was also made to appear that other

reporters, using the same shorthand system, were able to read a considerable portion of the notes taken at the trial. Upon this showing the state insisted that defendant's counsel could prepare a substantially correct transcript of the testimony and the proceedings.

The question here presented, in different forms, has been before this court a number of times. Bailey v. U. S., 3 Okla. Cr. 175, 104 Pac. 917, 25 L.R.A. (N.S.) 860, is to some extent analogous. In this case the appeal was pending in the United States Court of Appeals for Indian Territory, on the admission of Oklahoma as a state it was transferred to the Supreme Court, and on the creation of this court was transferred here. The record for appeal was lost by the Attorney General's office, and this court held that under such circumstances plaintiff in error was entitled to a new trial. The citations state the general rule that where a party has lost the benefit of his exceptions from causes beyond his control, a new trial should be granted. In Tegler v. State, 3 Okla. Cr. 595, 107 Pac. 949, 139 Am. St. Rep. 976, a case where the trial judge died before settling and signing the case-made, it was held plaintiff in error was entitled to a new trial. The opinion is based on Bailey v. U. S., supra. See in this connection decisions of Oklahoma Supreme Court, Ripey & Son v. Art Wall Paper Mill, 27 Okla. 600, 112 Pac. 1119; Duffield v. Ingraham, 35 Okla. 11, 128 Pac. 111; Peck v. McClelland, 65 Okla. 116, 166 Pac. 78; Laclede, etc., Co. v. Miller, 69 Okla. 242, 172 Pac. 84. These cases being based on a statute, subdivision 9, § 5033, Rev. Laws Okla. 1910; Cherry v. Brown, 79 Okla. 215, 192 Pac. 227, 13 A. L. R. 92; Farmers' & Merchants' Bank v. Welborn, 32 Okla. 1, 121 Pac. 620.

A similar question was before the court in Elliott v. State, 5 Okla. Cr. 63, 113 Pac. 213, where a reversal

was granted because the court reporter lost a part of his notes and was unable to supply a complete transcript. The opinion relies on Tegler v. State, supra, and Bailey v. U. S., supra. Again in Dobbs v. State, 5 Okla. Cr. 475, 114 Pac. 358, 360, 115 Pac. 370, the appeal was dismissed for failure to file in time, but in discussing a further contention the court said:

"The mere fact that a stenographer may have lost his notes, or that they may have been stolen from him, would not constitute a valid excuse for a failure on the part of the appellant to prepare and serve a case-made. If it did, every judgment entered by any court of record would be at the mercy of the carelessness and dishonesty of the court stenographer. While the stenographer's notes of the testimony constitute the most convenient means of preparing a case-made, yet they are not the only source from which a case-made may be prepared. Even when a case-made is prepared from the stenographer's notes of the testimony, it must still be approved by the judge who tried the case, and he is not bound by such notes, but must still see that the case-made speaks the truth, and he may correct such case-made from memory or from any source that may be satisfactory to him."

In Thornsberry v. State, 8 Okla. Cr. 88, 126 Pac. 590, the failure to include the testimony in the case-made was sought to be excused and a new trial secured on the grounds the stenographer's notes had been stolen; the court in syllabus 1 held:

"The fact that a stenographer's notes may have been lost or stolen will not excuse the failure of appellant to incorporate the testimony upon his trial in the case-made, and cannot be considered as ground for a new trial."

Again in Harris v. State, 10 Okla. Cr. 417, 137 Pac. 365, 369, 139 Pac. 846, where a reversal was sought because of inability of plaintiff in error to procure a tran-

script of the testimony, the court, speaking by Furman, Judge, said:

"The writer of this opinion practiced law many years in Texas before court stenographers were known in that state, and when, under the law, the evidence had to be written out as a matter of memory by the attorneys and filed in court within ten days from the adjournment of the term of court. The writer never had the least difficulty in preparing his statements of the evidence in his cases, and he knows from personal experience that it can easily be done. In fact he seriously doubts if the employment of court stenographers is at all necessary either in the administration of justice or to the development of lawyers. It has a tendency to breed carelessness on their part; but, be this as it may, the trial court has a large discretion as to when to order the stenographer's notes to be extended without expense to a defendant, and this discretion will not be reviewed, unless it clearly appears from the record that it was arbitrarily used or abused."

In Gibbs v. State, 23 Okla. Cr. 247, 214 Pac. 745, where a court reporter, after having been paid to transcribe the testimony, absconded from the state and who was then sent the shorthand notes, but who then failed and refused to furnish a transcript, it was held that accused was entitled to a new trial. In Butts v. Anderson, 19 Okla. 367, 91 Pac. 906, 908, a civil suit, just prior to statehood, the appellant prayed a new trial for the reason that subsequent to the trial and before the record for appeal had been prepared, the court stenographer died and the plaintiff in error was therefore denied his right of appeal. The Supreme Court, speaking by Burford, Chief Justice, denied the prayer, saying:

"The cause upon and for which the court set aside its judgment was that after the trial, and after the judgment had been rendered, the court stenographer who took the shorthand notes of the trial had died, and the defend-

ants, desiring to appeal the case, could find no one who could transcribe the shorthand notes of the deceased stenographer. We know of no law, nor have we been advised of any which empowers the court to grant a new trial because of the inability of the judgment debtor to procure his record or prosecute his appeal. The law provides that the party desiring to take an appeal will prepare a case, setting out substantially so much of the record as will make apparent the errors relied upon, and the service of his prepared case upon the adverse party, who may, if not satisfied with its contents, propose such amendments as he may deem necessary, and upon proper notice by either party the court will settle the case. Upon such a case he may file his petition in error and have the judgment complained of reviewed by the appellate court. While the law contemplates that either party may have the stenographer to transcribe his shorthand notes, upon payment of the necessary fees therefor, it does not contemplate that such is the only method of preparing a record for a case-made."

In the case of Crittendon v. State, 44 Okla. Cr. 415, 281 Pac. 315, it was held that where the shorthand notes of the reporter were lost or destroyed the case should be reversed and remanded. This case cites in support Butts v. Anderson, supra, and Thornsberry v. State, supra, which must have been included by oversight, since both hold to the contrary.

A recent case is State v. Ricks, 32 Idaho, 232, 180 Pac. 257, 13 A.L.R. 99. This case is thoroughly annotated, pages 102-121. See, also, annotations to Richardson v. State, 12 Ann. Cas. 1048, and annotations to Dumbarton, etc., Co. v. Erickson, 21 Ann. Cas. 258.

Reviewing the cases, it seems impossible to harmonize them fully. Many of them are based on a state statute. Some appear to be decided on the particular facts and with the view of preventing unusual hardship or in-

justice. Generally in those states where certain officers must authenticate a bill of exceptions or case-made and an appellant, through no fault of his, cannot procure such authentication, as by the death or retirement from office of the trial judge, or by his failure to authenticate and the right of appeal thereby lost, a new trial will be granted by the appellate court. Also where there were any arbitrary or oppressive acts by the trial court or where the appellee is at fault in preventing the securing of a complete record by appellant, a new trial is granted. On the other hand, where the inability of an appellant to secure a complete record is due to his own laches, a new trial will not be granted. Also in the case of a destruction or loss of records or the inability of an appellant to procure a transcript of the testimony of proceedings, it is not grounds for a new trial, if the lost or destroyed record can be substituted or a statement of the evidence in lieu of the transcript can be made.

In the instant case, while death of the court reporter prevents a literal transcript of the testimony and the proceedings in court, yet there are sources to supply the deficiency, as hereinabove stated; i. e., a transcript of the testimony at the preliminary, a transcript of the testimony at the habeas corpus proceeding, and a transcript of the testimony at the former trial, the assistance of other writers of shorthand, able to decipher a portion of the shorthand notes, the notes of counsel taken at the trial, and the day by day newspaper accounts taken of the trial. With these aids we are satisfied a statement of the testimony and proceedings could have been made, and for this reason defendant is not entitled to a new trial on account of the death of the court reporter.

The case is affirmed.

DAVENPORT, J., dissents.

CHAPPELL, J., concurs.

DAVENPORT, J. (dissenting). I cannot agree with the majority opinion in this case, for the reason the facts stated lead me to believe that the plaintiff in error cannot perfect his appeal under the facts and surrounding circumstances in this case without he has a transcript of the testimony and the objections and exceptions taken during the trial.

Judgment in this case was rendered on November 19, 1932; defendant was granted time to make and serve a case-made; notices of appeal were served; and defendant endeavored to secure funds to pay for a transcript of the testimony and proceedings at the trial but was unable to do so, and filed a poverty affidavit asking the court to order a transcript made at the expense of the county. His application for the record to be furnished at the expense of the county and his application for an extension of time was contested by the state, and both were denied; application was then made to this court for this court to have a record furnished at the expense of the county and for an extension of time. The state contested the application and this court ordered defense counsel to prepare and submit a case-made. A verified affidavit in the nature of a petition was filed in which it was set out that the testimony was voluminous; that many objections and exceptions were taken; that the sufficiency of the evidence to sustain the judgment was challenged; that on account of the death of the court reporter which occurred on April 6, 1933, without having transcribed his notes, it was impossible for counsel to prepare a case-made which would preserve the testimony or a substantial synopsis of it or preserve the objection and exceptions and proceedings of the trial.

The defendant was not guilty of any delay in trying to procure a transcript of the testimony, but acted diligently to have the record preserved. All of the proceedings were contested by the state, and the state insisted they could furnish sufficient record to enable the plaintiff in error to make up a transcript sufficient to preserve all the material testimony and all the exceptions and objections that were in the record.

Plaintiff in error insists that it is no fault of his that the record cannot be furnished; that the court reporter died prior to the time he was required to file his case in this court, and asks this court to reverse the case with directions.

The opinions of the courts of this state are not in harmony. Similar questions to the one involved in this case have been before this court many times. In Tegler v. State, 3 Okla. Cr. 595, 107 Pac. 949, 139 Am. St. Rep. 976, this court held that where the judge who presided at the trial died after the completion of the trial, and before the case had been settled and signed, the defendant without fault on his part was deprived of his constitutional right to present a complete appeal to this court, and is thereby entitled to a new trial.

In Bailey v. United States, 3 Okla. Cr. 175, 104 Pac. 917, 25 L.R.A.(N.S.) 860, this court, in the first paragraph of the syllabus, said:

"Where, in a proceeding in error properly instituted, it appears that the record in the case has been lost or destroyed without possibility of substitution, through no fault of the appellant or his counsel, but solely because of the action of the court officials or some accident or act of Providence for which no one is responsible, and without which record the errors complained of cannot be con-

sidered, the Criminal Court of Appeals has the power to order a new trial of the cause."

In Elliott v. State, 5 Okla. Cr. 63, 113 Pac. 213, this court, in the first paragraph of the syllabus, said:

"When the record discloses that the appellant is unable to present a full and complete appeal in this court by reason of the loss of portions of the transcript by officials of the court below through no fault of his, the cause will be reversed."

Following the holdings of this court in the Tegler, Bailey and Elliott Cases, supra, and Gibbs v. State, 23 Okla. Cr. 247, 214 Pac. 745, and Crittendon v. State, 44 Okla. Cr. 415, 281 Pac. 315, I insist that it is apparent from the record presented in this case that the defendant has been deprived of his constitutional right without fault on his part to have his case reviewed on the errors assigned. In order that the defendant may not be deprived of his statutory rights, this case should be reversed, and remanded to the district court of Pittsburg county, with directions to grant him a new trial.