## NEAL v. STATE.

No. A-11265.   Oct. 18, 1950.

(223 P. 2d 550.)

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. Richard Neal was charged by information filed in the municipal criminal court of the city of Tulsa, with the crime of operating a motor vehicle while under the influence of intoxicating liquor, was tried before a jury and convicted, with punishment assessed at imprisonment in the county jail of Tulsa county for a period of six months. Appeal has been perfected to this court.

Counsel for defendant has filed herein, within time, a verified petition in error, attached to which is a transcript of the record, exclusive of the testimony of the witnesses given during the trial, and the rulings of the court as to the admission or rejection of testimony offered. There is set out as one of the grounds for new trial, "impossibility of making case-made without fault of the complaining party."

It is set out that Verna DeArmond, court reporter of the common pleas court of Tulsa county, commenced taking testimony when the trial started, but was excused by the trial judge to report a common pleas court case, and that another reporter, Martha M. Lawyer, was substituted by the trial judge; that said Lawyer was not a qualified reporter and that counsel for defendant was not

aware of such fact at the time; that counsel immediately after his motion for new trial was overruled, employed DeArmond, the official reporter, to prepare case-made; that he obtained an extension of time after it was discovered that Lawyer was having difficulty with her notes, and DeArmond promised to assist Lawyer in transcribing her notes, but that it was impossible to transcribe said notes, and that it was impossible to narrate the testimony given on trial by said reporters or by counsel for defendant.

The verified petition in error is supported by affidavit of the reporter DeArmond, and by the affidavit of Lawyer, who seems to have been simply a clerk in the juvenile court of the city of Tulsa.

If the attorneys for the state and defense, or the court, could have substantially narrated the evidence introduced, that would have been satisfactory and sufficient, and the fact that the reporter could not transcribe her notes would not have constituted a ground for new trial. Moore v. State, 59 Okla. Cr. 372, 61 P. 2d 1134, 107 A.L.R. 598; City of Duncan v. City of Abrams, 171 Okla. 619, 43 P. 2d 720, but where this cannot be done, and the appellant and his counsel are not at fault, justice impels that the appellant be granted a new trial. Thurman v. State, 78 Okla. Cr. 98, 144 P. 2d 125.

Considering as true the affidavits of counsel for defendant and the persons who attempted to report the case, the same not having been refuted by the state, we believe in the interest of justice and fairness, a new trial should be granted in this case. It would be impossible for this court to give consideration to the specifications of error set out in petition in error without having the benefit of the evidence adduced by the state and the defendant, with the rulings of the court.

The impasse must be charged to the action of the trial court in the selection of a person who apparently possessed not one qualification for the important job assigned. The error of the court must not be charged to the defendant.

For the reasons stated above, the case is reversed and remanded to the trial court with instructions to grant the defendant a new trial.

JONES, P. J., and BRETT, J., concur.