MARI LUZ RUIZ PÉREZ ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, ARECIBO PART, DOMINGO RAFFUCCI, JUDGE, Respondent; NESTOR CASTILLO ET AL., Interveners.

No. C-66-134.     Decided May 3, 1967.

*Ramón Ferrer Delgado* for petitioners. *Rivera Zayas, Rivera Cestero & Rúa* and *Adrián Mercado* for interveners.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On December 8, 1964 the Arecibo Part of the Superior Court rendered judgment in case No. 61-1329, dismissing the complaint for damages filed by petitioners herein against interveners and defendants therein. On January 4, 1965, petitioners filed in this Court petition for review No. R-65-1 against said judgment. On January 7, 1965, this Court granted petitioners, appellants therein, the necessary term for the stenographer to prepare and submit the transcript of evidence. On August 4, 1966, the petitioners stated to the court that they had not filed the transcript of evidence because the stenographer who took the notes suffers from depressive psychoneurosis and he is totally unable to make such transcript, and that a motion for a new trial had been submitted. Petition No. R-65-1 is pending without the writ of review having been issued or denied yet.

As a result of our decision of January 7, 1965, permitting petitioners to send the transcript of evidence, they appeared before the trial court on motion for a new trial of January 15, 1965, in which they alleged the stenographer's illness and the impossibility of counsel to prepare a statement of the case because he could not find his notes. They adduced

that two years had elapsed from the time the case was heard on December 20, 1962, to the date on which it was decided, December 11, 1964.

The trial court denied flatly the motion for new trial without hearing the parties. To review said denial we issued certiorari No. C-65-13, and on April 12, 1965, we set aside the aforesaid denial and ordered the court to hold a hearing and hear the parties. The hearing was held on August 4, 1965, and on November 25, 1966, the new trial was denied by the following decision:

"On August 4, 1965 a hearing was held on the motion for a new trial filed by plaintiff, in accordance with the decision rendered by the Supreme Court on April 12, 1965. Both parties argued their respective contentions. The undersigned judge has read and weighed again his notes on the respective statements of the witnesses refreshing his memory with the intention of dispensing the most considerate justice to the parties.

"More than ever, if possible, the undersigned judge is now convinced of the mendacity of plaintiffs' witnesses, Mariluz Ruiz Pérez and Gregorio Soto Colón. Only the tender age of the girl, Mariluz, has compelled in all conscience the undersigned judge to cast aside the idea of comparing, for the purpose of verifying the commission of possible perjury, the testimony given at the trial by the aforesaid girl and the deposition rendered by her prior to the trial and which in some parts was presented in evidence by the defendant. In addition, the expert testimony of Dr. Alberto L. Folch, plaintiffs' witness, was totally controverted as to credibility and scientific accuracy, by Dr. Luis R. Guzmán López, neurologist and neurosurgeon.

"Consequently, the motion for new trial filed by plaintiffs is hereby DENIED. It will not further any of the purposes of justice. The handwritten notes taken by the undersigned judge during the trial, consisting of seven pages in each one of which his signature has been affixed today, will be attached and made part of the record of the case.

"Let it be recorded and notified."

In order to review the foregoing decision we issued, on January 20, 1967, a writ of certiorari.

■ Petitioners are right in the sense that the function of the judge in the incident of a new trial on account of the impossibility to obtain a transcript of evidence was not to evaluate again his view on the weighing of the evidence and ratify the prior judgment. He did not have before him a motion for reconsideration. His function was to determine, in the first place, whether or not the stenographer's mental disability existed to prevent him from transcribing the oral evidence, and if there was such disability, whether or not there reasonably existed the impossibility of preparing a statement of the case or any other substitute means.

Rule 48.1(b) of the Rules of Civil Procedure provides that a new trial may be granted when a transcript of the stenographic notes of the proceedings cannot be obtained because of the death or disability of the stenographer, and there cannot be prepared in lieu of such transcript a statement in narrative form of the evidence presented, pursuant to Rule 54.11. Rule 48.2 permits the filing of a motion for a new trial on this ground within a term of 30 days after the death or disability of the stenographer.

Rule 54.11(a) prescribes that in the event no stenographic notes were taken or that for any reason such notes cannot be transcribed, the appellant or petitioner may prepare a statement of the case or of the proceedings using for such purpose the best available means, including his recollection, to be used instead of a stenographic transcript. This statement of the case shall be approved by the court with the intervention of the adverse party.

■ Notwithstanding our disagreement with the position assumed by the trial court, there is a sound judicial discretion as to the granting or denial of a new trial in the above-mentioned circumstances and, fundamentally, the decision should be based on the underlying purpose of Civil Procedure Rule 48.1(c) to the effect that the new trial may be granted when substantial justice requires it. See: the il-

lustration in *Reyes* v. *Delgado*, 81 P.R.R. 906 (1960), a criminal case decided prior to the Rules in force (Rule 188(e)), but which consecrates already the sense of substantial justice in question.[1]

In the judgment dismissing the complaint the trial court concluded as a question of fact regarding the manner in which the accident occurred, that a vehicle belonging to defendant Tastee-Freez sold ice cream to some children, among them the injured minor. After the sale and while the children were at the right side of the vehicle, rather apart therefrom, the driver started it, they ran after it and reached it and mounted on the rear bumper. In seeing that the bus did not stop, the children jumped and the minor fell on the pavement. She suffered a craniocerebral trauma and was unconscious until next day. She was hospitalized for nine days. The X rays showed no skull fracture and the medical evidence showed only a craniocerebral trauma from which the girl had satisfactorily recovered without leaving any proof of neurological residue. The court concluded, as a question of fact, that the driver was not negligent within the circumstances of the case. As a question of law, it concluded that

---

[1] For a doctrinal orientation of other jurisdictions rather comprehensive on that point, see the cases cited in the Annotation of 19 A.L.R.2d 1098, particularly at p. 1104 *et seq.*, insofar as pertinent. *People* v. *Chessman*, 218 P.2d 769 (Cal.), *cert. denied*, 340 U.S. 840; *Moore* v. *State*, 61 P.2d 1134 (Okla.) and cases compiled in the Annotation which follows it in 107 A.L.R. 603; *Shute* v. *Big Meadows Invest. Co.*, 198 Pac. 227 (Nev.); *Cherry* v. *Brown*, 192 Pac. 227 (Okla.), and cases discussed in the Annotation which follows it in 13 A.L.R. 102.

The impression in general of these cases is that the granting or denial of a new trial because of the impossibility to procure the transcript of the stenographer's notes relies on a broad and sound judicial discretion; that any methods substitute thereof should be used or exhausted to prepare the record and every possible effort should be made in that sense, with the help, inclusive, of the magistrate's notes, and that the lack of a substitute method is not the fault of the party seeking a new trial. Although by a substitute method an exact statement of the evidence is not obtained, the statement has been considered sufficient if it contains a substantially correct report of the proceedings.

the doctrine of "attractive nuisance" was not applicable and to this effect it said that the minor was a ten-year-old girl, smart and intelligent, who knew that it was dangerous to approach a vehicle thus, and that her mother had advised her not to do it; that the bus was not an "instrumentality" inherently dangerous nor did it have any concealed danger nor does the doctrine apply to vehicles in motion.

In their petition for review (No. R-65-1), petitioners herein set forth a recital of the accident "in conformance with the evidence" in the following manner: The driver was driving a bus painted in white, blue, red, and yellow, property of Tastee-Freez, "inviting, like a modern Pied Piper of Hamelin with its melodious, sweet, attractive, and tender music, the children of the neighborhood . . . to buy ice cream." That the girl, then 9 years old, bought ice cream and together with other children mounted on the rear bumper while the bus was parked. The driver, without examining to see whether there was any child on the bumper or on any other place of the vehicle, started the bus, and upon becoming aware that some children were on it, shouted at them to jump off the vehicle while it was moving. When she jumped, the girl was injured. That in January 1962 she suffered from epileptic attacks as a result of the cranial trauma suffered.

Answering under oath an interrogatory of the defendants on the specific manner in which the accident occurred, and in what the negligence consisted, plaintiffs stated that the driver played records attracting the children of the neighborhood and drove a vehicle which did not have any rear glass through which he could observe whether any child, in view of the attractiveness of the music and the flashiness of the vehicle, had or had not climbed on the bumper, without there being personnel in charge of watching the children attracted by their announcement, and any other negligent act arising from the evidence.

In the petition for review (No. R-65-1), petitioners herein charge passion, prejudice, and manifest partiality in the weighing of the evidence, and error in not applying the doctrine of attractive nuisance to the case. However, in a motion for reconsideration of judgment before the court they denied having invoked such doctrine. The recital of the accident made by petitioners "according to the evidence" in their petition for review No. R-65-1 is not unreconcilable with the finding of the trial court. All the parties agree as to the basic fact that the children mounted on the rear of the vehicle. The applicability or inapplicability of the doctrine of attractive nuisance is, in the last analysis, under the circumstances of this case, a question of law.

■ Rule 48.1(b) permits a new trial when, besides it being impossible to obtain the transcript because of the death or disability of the stenographer, a statement of the case pursuant to Rule 54.11 cannot be prepared either. Petitioners have not even tried to prepare a statement of the case pursuant to this Rule. For their benefit the trial judge filed his notes in the record. We have examined them and they are not odd notes to help recollection. They contain a substantial and comprehensive statement of the oral evidence. As to the injuries, the record contains documentary evidence of the whole record of the girl's hospitalization.

■ The position assumed by petitioners in the sense that the use of the magistrate's notes would make him judge and party in the litigation at the same time is not correct at law. Like the parties, he heard the witnesses and can tell what they said. Pursuant to Rule 54.8, it is incumbent upon the judge, with his notes and recollection, to make any correction in the record in case of discrepancy as to whether the record truly discloses what occurred. The same happens with Rule 54.11.

■■ In the light of the record before us, which does not disclose a case of elaborate and complicated evidence, nor complex questions of law, we are inclined to believe, in conformance with the prevailing doctrine, that a new trial is not inevitably required in this case. The fact that petitioners' counsel cannot find his notes, or has lost them, does not justify it either. In the petition for review No. R-65-1, the attorney could have made a satisfactory statement of its occurrence according to the evidence.

The function exercised by the court in the incident of a new trial, which was not a reconsideration of its own judgment was not wholly correct. On that ground the order appealed from will be set aside and the record will be remanded for the court to determine whether, in truth, the stenographer is unable to transcribe his notes and, if he is, that the parties proceed, with the help of the judge's notes and by any other means, to prepare a statement of the case pursuant to Rule 54.11 which, after being approved by the court, will serve for this Court to determine whether or not to issue the writ of review in case No. R-65-1.[2]

---

[2] Pursuant to the amendment of Rule 53.4-2 on February 11, 1966, which became effective July 30, 1966, the parties in a petition for review do not have an absolute right to send the transcript of the evidence for the purposes of the issuance or not of the writ.

In petition No. R-65-1, we had granted said right to petitioners herein prior to the amendment pursuant to the rule then in force.