**Billy Joe HIXON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15163.**

Court of Criminal Appeals of Oklahoma.

June 11, 1969.

Rehearing Denied June 25, 1969.

H. C. Cooper, Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert McDonald, Asst. Atty. Gen., for defendant in error.

PER CURIAM:

Plaintiff in Error, Billy Joe Hixon, hereinafter referred to as Defendant, was convicted in the District Court of Oklahoma County of the crime of possession of marijuana, after former conviction of a felony, and sentenced to twelve years imprisonment, Case No. 34586. From that judgment and sentence Defendant has attempted to appeal his conviction to this court.

At the time that the petition in error was filed, on March 11, 1969, Petitioner filed a motion to remand this case for a new trial in the District Court. Pursuant to Defendant's motion to be heard on his request for a new trial, a hearing was conducted on May 23, 1969. Defendant contends that the case should be remanded for a new trial since he is unable to complete the record for an appeal due to his inability to locate the District Court file, which contains the affidavit upon which the search warrant was issued that authorized the search and seizure of the evidence upon which the Defendant was convicted. Defendant's motion to quash was overruled. It is Defendant's position, which he seeks to raise on appeal, that the affidavit was insufficient to support the issuance of a search warrant under the requirements announced by the United States Supreme Court in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

However, he is precluded from raising this issue on appeal since the affidavit and the search warrant cannot be made a part of the record to be considered on appeal since they have been lost. Defendant has offered affidavits of his trial attorney, the Court Clerk, and the Court Reporter to the effect that they do not have any knowledge as to the whereabouts of the District Court file or the affidavit and warrant in question. The records of the Court Clerk's office indicate that the court file was checked out to an Assistant District Attorney, Mr. John Sparks, and that the same has never been returned and now cannot be located. Defendant argues that through no fault of his own, and after exercising every possible diligence, he is unable to complete the record sufficient to raise his assignment of error.

The applicable rule in the instant situation was announced by this court in an early decision, in which this court ordered a new trial where the records had been lost. In Bailey v. United States, 3 Okl.Cr. 175, 104 P. 917, 25 L.R.A.,N.S., 860 (1909), the Defendant had properly instituted an appeal but the record was checked out to an Assistant Attorney General and became lost without possibility of substitution. This court held:

"It seems to be well established, as a general rule, that where a defendant has done all that the law requires in perfecting his appeal, and where the record necessary for a review of the case is lost or destroyed while in the custody of an officer of the court, in order to pre-

vent a possible miscarriage of justice by depriving the defendant of his legal right of appeal, a new trial will be granted." 104 P., at 918.

■■ This court has, on numerous occasions, since the Bailey decision, ordered a new trial where the Defendant through no fault of his own was unable to secure a copy of the record sufficient for appellant review. Recently, in O'Neal v. State, Okl. Cr., 450 P.2d 913 (1969), this court reversed and remanded for a new trial upon Defendant's motion to remand where the Court Reporter died and was unable to complete the record of the trial. Accordingly, it would appear that the same rule is applicable in the instant situation even though Defendant was able to secure a partial record of the testimony adduced at his trial.

It is therefore the opinion of this Court that this cause be reversed and remanded back to the trial court for a new trial for the sole and only reason that a record cannot be completed for appeal sufficient to review the assignment of error.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.

Reversed and remanded for new trial.