Mari Luz Ruiz Pérez y otros, peticionarios, *v.* Tribunal Superior de Puerto Rico, Sala de Arecibo, Hon. Domingo Raffucci, Juez, demandado; Néstor Castillo y otros, interventores.

*Número:* C-66-134      *Resuelto:* 3 de mayo de 1967

*Ramón Ferrer Delgado,* abogado de los peticionarios; *Rivera Zayas, Rivera Cestero & Rúa* y *Adrián Mercado,* abogados de los interventores.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En 8 de diciembre de 1964 la Sala de Arecibo del Tribunal Superior dictó sentencia en el caso 61-1329 declarando sin lugar demanda de daños y perjuicios interpuesta por los aquí peticionarios contra los interventores y allí demandados. En 4 de enero de 1965 los peticionarios radicaron en este Tribunal recurso de revisión contra dicha sentencia, R-65-1. En 7 de enero de 1965 este Tribunal concedió a los peticionarios ahí recurrentes el término necesario para que el taquígrafo preparara y sometiera la transcripción de la evidencia. En 4 de agosto de 1966 los peticionarios manifestaron al

Tribunal que no habían radicado la transcripción de evidencia porque el taquígrafo que tomó las notas sufre de siconeurosis de tipo depresivo y está totalmente incapacitado para hacer dicha transcripción, y que se había sometido una moción de nuevo juicio. El recurso R-65-1 está pendiente sin que aún se haya expedido o denegado el auto de revisión.

Con motivo de nuestra resolución de 7 de enero de 1965 permitiendo a los peticionarios elevar la transcripción de evidencia ellos acudieron ante la Sala sentenciadora en moción de nuevo juicio de 15 de enero de 1965, en la que alegaron la enfermedad del taquígrafo y la imposibilidad del abogado de preparar una exposición del caso debido a que no podía localizar sus notas. Adujeron que habían transcurrido dos años desde que se vio el caso en 20 de diciembre de 1962 hasta la fecha en que fue resuelto el 11 de diciembre de 1964.

La Sala sentenciadora denegó de plano la moción interesando el nuevo juicio sin oir a las partes. Para revisar dicha denegatoria expedimos el *certiorari* Núm. C-65-13, y en 12 de abril de 1965 anulamos la referida denegatoria y ordenamos al Tribunal que celebrara una vista y oyera a las partes. La vista fue celebrada el 4 de agosto de 1965 y en 25 de noviembre de 1966 el nuevo juicio fue denegado mediante la siguiente resolución:

"El día 4 de agosto de 1965 se celebró vista en torno a la moción interesando nuevo juicio radicada por la parte demandante, a tenor con la resolución dictada por el Honorable Tribunal Supremo con fecha de 12 de abril de 1965. Ambas partes argumentaron sus respectivas contenciones. El juez suscribiente ha vuelto a leer y sopesar sus notas sobre las respectivas declaraciones de los testigos refrescando su memoria en ánimo de impartir la más considerada justicia a las partes.

Más que nunca, si cabe, está ahora convencido el juez suscribiente de la medacidad de los testigos de la parte demandante Mariluz Ruíz Pérez y Gregorio Soto Colón. Unicamente la corta edad de la niña Mariluz ha obligado en conciencia al juez sus-

cribiente a desechar la idea de comparar, en ánimo de constatar la comisión de posible perjurio, la declaración prestada en el juicio por la referida niña y la deposición que prestó con anterioridad a dicho juicio y que en ciertas partes fué ofrecida en evidencia por la parte demandada. Por demás el testimonio pericial del Dr. Alberto L. Folch, testigo de la parte demandante quedó totalmente desvirtuado en cuanto a credibilidad y rigor científico por el Dr. Luis R. Guzmán López, especialista en neurología y cirugía neurológica.

No HA LUGAR, en consecuencia, a la concesión de nuevo juicio solicitada por la parte demandante. Ningún fin de justicia se cumplirá con ello. Las notas manuscritas tomadas por el juez suscribiente durante las incidencias del juicio constantes de siete folios, en cada uno de los cuales ha estampado su firma en el día de hoy se unirán y se harán formar parte de los autos del caso.

Regístrese y Notifíquese."

Para revisar la anterior resolución expedimos en 20 de enero de 1967 auto de *certiorari* en el presente recurso.

■ Tienen razón los peticionarios en cuanto a que la función del Juez en el incidente sobre nuevo juicio por razón de la imposibilidad de obtener una transcripción de la evidencia no era la de evaluar de nuevo su criterio sobre la apreciación de la prueba y ratificarse el fallo anterior. Él no tenía ante sí una moción de reconsideración. Su función era determinar en primer lugar si existía o no una incapacidad mental del taquígrafo para transcribir la prueba oral, y de haber tal incapacidad, si razonablemente existía o no la imposibilidad de prepararse una exposición del caso o cualquier otro medio sustituto.

Dispone la Regla 48.1 (b) de las de Procedimiento Civil que se podrá ordenar un nuevo juicio cuando no fuere posible obtener una transcripción de las notas taquigráficas de los procedimientos, debido a la muerte o incapacidad del taquí-

grafo, ni preparar en sustitución de dicha transcripción una exposición en forma narrativa de la evidencia presentada conforme a lo dispuesto en la Regla 54.11. La Regla 48.2 permite radicar la moción de nuevo juicio por este fundamento dentro de un término de 30 días después de haber ocurrido la muerte o la incapacidad del taquígrafo.

La Regla 54.11 (a) estatuye que en caso de que no se hubiere tomado notas taquigráficas o que éstas no puedan por cualquier razón ser transcritas, el apelante o recurrente puede preparar una exposición de la prueba o una relación de los procedimientos usando para ello los mejores medios disponibles, incluyendo su recuerdo, para ser usada en lugar de una transcripción taquigráfica. Esta exposición deberá ser aprobada por el Tribunal con intervención de la parte contraria.

■ No obstante nuestra inconformidad con la posición de la Sala sentenciadora hay una sana discreción judicial en cuanto a la concesión o no de un nuevo juicio en las circunstancias mencionadas, y fundamentalmente la decisión debe inspirarla el criterio de la Regla Civil 48.1 (c), al efecto de que se podrá conceder el nuevo juicio cuando la justicia sustancial lo requiriere. *Véase*: la ilustración que. nos ofrece *Reyes* v. *Delgado*, 81 D.P.R. 937 (1960), un caso criminal resuelto antes de las Reglas vigentes (Regla 188 (e) ), pero que consagra ya el sentido de justicia sustancial aludido. (¹)

---

(¹) Para una orientación doctrinal de otras jurisdicciones bastante comprensiva sobre el particular, véanse los casos anotados en la *Monografía* de 19 A.L.R.2d pág. 1098, particularmente a las págs. 1104 y ss. en lo que ahora respecta. *People* v. *Chessman* (Cal.), 218 P.2d 769, *cert. den.*, 340 U.S. 840; *Moore* v. *State* (Okla.), 61 P.2d 1134 y casos recopilados en la *Monografía* que le sigue en 107 A.L.R. pág. 603; *Shute* v. *Big Meadows Invest. Co.* (Nev.), 198 Pac. 227; *Cherry* v. *Brown* (Okla.), 192 Pac. 227, y casos discutidos en la *Monografía* que le sigue en 13 A.L.R. 102.

La impresión en general de estos casos´ es que descansa en una amplia y sana discreción judicial el conceder o no un nuevo juicio por razón de imposibilidad de obtener la transcripción de las notas del taquígrafo; que

En la sentencia declarando sin lugar la demanda la Sala sentenciadora concluyó como cuestión de hecho en lo que respecta a cómo ocurrió el accidente, que un vehículo de la demandada Tastee-Freez vendió mantecado a unos niños, entre ellos la menor lesionada. Después que les vendiera y estando los niños al lado derecho del vehículo bastante separados de éste, el conductor lo puso en movimiento, ellos se le echaron a correr detrás y le dieron alcance y se montaron sobre el parachoques trasero. Al ver que la guagua no se detuvo, los niños se tiraron y la menor cayó contra el pavimento. Recibió un trauma cráneo-cerebral y estuvo inconsciente hasta el próximo día. Quedó hospitalizada nueve días. Las radiografías demostraron ausencia de fractura del cráneo y la prueba médica sólo demostró un trauma cráneo-cerebral del cual la niña había recuperado satisfactoriamente sin dejar evidencia de residuo neurológico. Concluyó la Sala como cuestión de hecho que el conductor no fue negligente dentro de las circunstancias del caso. Como cuestión de derecho, concluyó que no era de aplicación la doctrina del "peligro atrayente" y a este efecto dijo que la menor era una niña de diez años, dispuesta e inteligente, que sabía que era peligroso abordar así un vehículo y que su madre le había aconsejado que no lo hiciera; que la guagua no era un "instrumento" inherentemente peligroso ni tenía peligro escondido ni se aplica la doctrina a vehículos en movimiento.

En su solicitud de revisión (R-65-1) los aquí peticionarios expusieron una relación del accidente "de acuerdo con la prueba" de la siguiente manera: El conductor guiaba una guagua pintada de blanco, azul, rojo y amarillo propiedad de

---

deben usarse o agotarse cualesquier métodos sustitutos para preparar el récord y hacerse todo esfuerzo posible en tal sentido, con el auxilio, inclusive, de las notas del Magistrado, y que el no haber un método sustituto no se deba a culpa del proponente del nuevo juicio. Aunque por un medio sustituto no se obtenga una expresión exacta de la prueba, se ha considerado suficiente la exposición si contiene un relato sustancialmente correcto de los procedimientos.

Tastee Freez, "invitando como un moderno flautista de Hamelin con su música melodiosa, dulce, llamativa y tierna a los niños del barrio . . . a comprar mantecados." Que la niña, entonces de 9 años, compró mantecado y junto a otros niños se encaramaron en el parachoques trasero estando la guagua parada. El conductor, sin examinar si había algún niño trepado en el parachoques o en algún otro sitio del vehículo, echó a correr la guagua y al percatarse que iban menores montados les gritó que se tiraran estando el vehículo en marcha. Al tirarse, se lesionó la niña. Que en enero de 1962 le daban ataques epilépticos como consecuencia del trauma craneal sufrido.

Contestando bajo juramento un interrogatorio de los demandados sobre la manera específica en que ocurrió el accidente, y en qué consistió la negligencia, los demandantes hicieron constar que el conductor tocaba discos atrayendo a los niños del barrio y conducía un vehículo que no tenía cristal en la parte trasera para poder observar si algún niño, dado a lo atrayente de la música y a lo vistoso del vehículo, se había o no trepado en el parachoques, sin que hubiera personal que se encargara de vigilar a los niños que atraían con su anuncio; y cualquier otro acto de negligencia que surgiera de la prueba.

En la solicitud de revisión—R-65-1—los ahora peticionarios imputan pasión, prejuicio y manifiesta parcialidad en la apreciación de la prueba, y error al no aplicar al caso la teoría del peligro atrayente. Sin embargo, en una moción de reconsideración de sentencia ante la Sala negaron que ellos invocaran tal doctrina. La relación del accidente que hacen los peticionarios "según la prueba" en su solicitud de revisión del recurso R-65-1 no es irreconciliable con la determinación hecha por la Sala sentenciadora. Todas las partes concuerdan en el hecho básico de que los niños se montaron en la parte trasera del vehículo. La aplicación o no de la

teoría del peligro atrayente resulta ser en última instancia, en las circunstancias de este caso, una cuestión de derecho.

■ La Regla 48.1(b) permite un nuevo juicio cuando además de no ser posible obtener la transcripción por la muerte o incapacidad del taquígrafo, tampoco es posible hacer una exposición del caso conforme a la Regla 54.11. Los peticionarios no han hecho siquiera un intento de preparar una exposición del caso según esta Regla. Para su beneficio el Juez sentenciador archivó en el expediente sus notas. Las hemos examinado y no son apuntes sueltos para ayudar el recuerdo. Contienen una relación sustancial y comprensiva de la evidencia oral. En cuanto a las lesiones, el récord contiene prueba documental del expediente completo de hospitalización de la niña.

■ No es correcta en derecho la posición que asumen los peticionarios que de usarse las notas del Magistrado, esto lo convertiría en juez y parte en el litigio. Al igual que las partes, él oyó a los testigos y puede relatar lo que dijeron. Según la Regla 54.8, es al Juez, con sus notas o recuerdo, a quien corresponde hacer cualquier corrección al récord en caso de discrepancia en cuanto a si el récord refleja lo ocurrido. Igual sucede con la Regla 54.11.

■ A la luz del expediente ante nos, que no refleja un caso de prueba larga y complicada, ni tampoco cuestiones de derecho complejas, nos inclinamos a creer, según la doctrina prevaleciente, que no se requiere en este caso un nuevo juicio inevitablemente. El hecho que el letrado de los peticionarios no pueda localizar sus notas, o las haya extraviado, tampoco lo justifica. En la solicitud de revisión R-65-1 el letrado pudo hacer una relación satisfactoria, según la prueba, de la ocurrencia.

No fue del todo correcta la función que ejerciera la Sala

en el incidente sobre nuevo juicio, que no era uno de reconsideración de su propia sentencia. *Debido a ello se dejará sin efecto la resolución recurrida, y se devolverán los autos para que la Sala determine si en verdad el taquígrafo está incapacitado para transcribir sus notas y, si lo estuviere, que las partes procedan, con ayuda de las notas del Juez y por cualesquier otros medios, a preparar una exposición de la prueba conforme a la Regla 54.11 que, aprobada por la Sala, servirá para que este Tribunal determine si expide o no el auto de revisión en el recurso R-65-1.*([2])

---

([2]) Según quedó enmendada la Regla 53.4-2 en 11 de febrero de 1966, efectiva la enmienda el 30 de julio de 1966, las partes en un recurso de revisión no tienen un derecho absoluto a elevar la transcripción taquigráfica de la prueba a los fines de la expedición o no del auto.

En el recurso R-65-1, habíamos concedido ese derecho a los aquí peticionarios con anterioridad a la enmienda a tenor de la Regla entonces vigente.