Domingo Franceschi, demandante y recurrente, *v.* Ulrico Rivera Echevarría, etc., demandados y recurridos.

*Número:* R-65-71    *Resuelto:* 29 de mayo de 1967

*Andrés Santiago Burgos,* abogado del recurrente; los recurridos no comparecieron.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: Con motivo de volcarse el camión de Félix Toledo manejado por Rivera Echevarría al caer una de sus ruedas en un hoyo profundo existente en la carretera frente a una vivienda propiedad del recurrente, dicho camión fue a dar contra la referida vivienda causándole daños a ésta. El hoyo en cuestión se formó al ceder el terreno luego que la Autoridad de Acueductos y Alcantarillado de Puerto Rico hizo una excavación para colocar una tubería y rellenar la misma. La corte concluyó que el accidente se debió a la negligencia de la referida Autoridad al no haber rellenado y cubierto la excavación en la carretera en la forma debida.

La controversia gira alrededor de la extensión de los daños y el costo de repararlos.

El perito del recurrente presentó un presupuesto del costo de reparar los daños ascendente a $2,438.50, pero el tribunal de instancia no lo consideró "ya que según su propio testimonio consideró que se pusiera un techo de concreto . . .,

además, la demolición de la pared del frente y central sin que se haya demostrado la necesidad para ello." El tribunal concluyó que el costo total de reparación era de $500 que es el presupuesto ofrecido por el perito de los recurridos. Sin embargo, éste es un estimado global basado en tapar las grietas en las paredes con un material denominado *"corting compound"* y después se pinta la casa. Este testigo admitió que la resistencia de las paredes se había afectado y que el *"corting compound"* corrige las grietas, "las tapa"; pero no restaura la resistencia de las paredes a la que tenían antes del accidente; que "entre la verja y arreglo de grietas y reparar . . . la casa en sí se gastarían alrededor de $500." Por último, añadió que se necesitarían como $150 para pintar la casa, $75 para arreglar la verja y $16 en seguros y pólizas.

El recurrente apunta que el tribunal de instancia incidió al fijar una indemnización insuficiente e inadecuada que no guarda proporción con los daños causados y que abusó de su discreción al rechazar su prueba pericial.

La prueba demostró que los daños consistieron en la destrucción de una verja, grietas profundas "en la pared del frente y central", grietas en el piso y levantamiento de las losetas; que la reparación incluiría reparaciones de empañetado y pintura.

El presupuesto del perito de los recurridos (1) no contiene los detalles necesarios de las reparaciones y (2) necesariamente está errado al basarse en parte en tapar grietas en paredes cuando admitió que la resistencia de éstas se afectó debido a las grietas y que el tapar las grietas no le daría a las paredes la resistencia que tenían con anterioridad al accidente. De manera que el tribunal no estaba justificado en aceptar únicamente este presupuesto.

Por otra parte, estaba justificado dicho tribunal en no aceptar el estimado del perito del recurrente sobre demolición, reparación de paredes y limpieza de escombros, pues tomó en consideración que se pusiera un techo de concreto, es

decir, a los efectos de corregir los daños sufridos por las paredes tomó en consideración que se fuera a poner un techo de concreto, según lo determinó el juez de instancia de sus propias notas del testimonio del perito del recurrente. *Ruiz Pérez* v. *Tribunal Superior*, 94 D.P.R. 416 (1967) ; *United States* v. *Carter*, 347 F.2d 220 (2d Cir. 1965) ; *United States* v. *Marachowsky*, 15 F.R.D. 130 (U.S.D.C. W.D. Wis. 1953).

En vista de lo expuesto procede que determinemos el costo de reparar los daños en este caso a base de aquella prueba de las partes que se ajuste mejor a la realidad y naturaleza de los daños sufridos y con respecto a lo cual exista un grado razonable de conformidad, a fin de restaurar la propiedad a las condiciones en que se encontraba antes del accidente. *Ortiz Rivera* v. *Aetna Life Ins. Co.*, 89 D.P.R. 640 (1963) ; *Kathan* v. *Bellows Falls Village Corporation*, 223 A.2d 470 (Vt. 1966) ; *Kentucky Stone Company* v. *Gaddie*, 396 S.W.2d 337 (Ct. App. Ky. 1965) ; *Kirst* v. *Clarkson Construction Company*, 395 S.W.2d 487 (Ct. App. Mo. 1965) ; *Southern Railway Company* v. *Wooten*, 137 S.E.2d 696 (Ct. App. Ga. 1964). Las distintas partidas de dicho costo, determinadas en esta forma son:

| | | |
|---|---|---|
| 1) | Reparación del piso y colocación de losetas en el mismo | $ 546 |
| 2) | Reparación de empañetado | 150 |
| 3) | Reparación de verja | 75 |
| 4) | Seguro y permisos | 16 |
| 5) | Pintura | 150 |
| | TOTAL | $ 937 |

A éstas debe añadirse $64 que, según el tribunal de instancia, representan ingresos dejados de percibir por concepto de rentas. Esta partida se justifica bajo la regla de mitigación de daños y, por lo tanto, no procede subirla como lo solicita el recurrente. *Rodríguez* v. *Lema Cuervo*, 87 D.P.R. 612 (1963) ; *Stella, Hoy su Sucn.* v. *Municipio*, 76 D.P.R.

783, 796 (1954) ; *Palmer* v. *Barreras*, 73 D.P.R. 278 (1952) ; *León Parra* v. *Gerardino*, 58 D.P.R. 489 (1941). Por ausencia de prueba precisa del costo de restaurar las paredes agrietadas a su condición original no se ha podido considerar esta partida.

*En vista de lo expuesto, se modifica la sentencia dictada por el tribunal de instancia en este caso, a los fines de aumentar la cuantía del costo de las reparaciones a la suma de $1,001.00, y así modificada debe confirmarse.*